## MARY DODGSON *et al.*

*v.*

## EDWIN HENDERSON.

*Filed at Springfield March 30, 1885.*

1. CHANCERY JURISDICTION—*when defence is not available at law.* Where the payee of a note is dead, and suit is brought on it at law by the executors of his will, the principal in the note is not a competent witness in the action at law, to prove an agreement between him and the payee for the extension of the time of payment, and this fact will give a court of equity jurisdiction of a bill by the surety to enjoin the prosecution of the action at law, in which his defence can not be shown for the want of any other evidence of the fact of the agreement to extend the time of payment.

2. WITNESS—*competency of principal maker of note in favor of his surety, in law and in equity.* In an action at law by the executor or administrator of a deceased payee of a note, against both the principal and surety in the note, the principal is not a competent witness for the surety to show the discharge of the latter by a valid agreement of the payee to extend the payment of the note to a definite time after its maturity. The rule is otherwise in a court of equity—there he is a competent witness in behalf of the surety.

3. CONSIDERATION—*for an agreement to extend the time of payment.* The agreement of the principal maker of a note given for a loan, to keep the money for another year after it is due and pay the same interest thereon as before, is a good and sufficient consideration to sustain the agreement of the legal holder of the note to extend the time for the payment of the same for another year, and the agreement for such extension will release the surety not assenting thereto.

4. SURETY—*discharge by an agreement to extend time of payment.* If a creditor, by a valid and binding agreement, without the assent of the surety, gives further time for payment to the principal debtor, the surety will thereby be discharged.

5. SAME—*contract construed strictly.* The contract of a surety is one that is to be strictly construed, and in no case can he be held liable beyond the terms and conditions of the contract to which he gives his assent.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Greene county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. WITHERS & HENSHAW, for the appellants:

A valid consideration must be given for extension. The time of payment must be given by a contract that is binding on the holder of the bill. A contract without consideration is not binding on him. The delay in suing under such contract is gratuitous. *Philpot* v. *Briant,* 4 Bing. 717, and cases cited in note 3; Story on Promissory Notes, 532, 533.

A promise to forbear in the collection of a debt, upon a promise of the debtor to pay the interest "for which he is already liable," can not be enforced for want of sufficient consideration. *Stuber* v. *Schack,* 83 Ill. 191; *Waters* v. *Simpson,* 2 Gilm. 576.

If no new surety be given requiring a new remedy, the contract is not valid, and the delay is gratuitous. *Gahn* v. *Niemcewicz,* 11 Wend. 319.

A new agreement to pay interest creates no additional obligation. *Reynolds* v. *Ward,* 2 Wend. 504; *Pabodie* v. *King,* 12 Johns. 426.

The agreement must be of such a character that the creditor's right to sue the debtor is suspended, and that the surety can not make payment. *Waters* v. *Simpson,* 2 Gilm. 574.

Mr. JAMES R. WARD, for the appellee:

A money consideration for the extension of the time of payment is not necessary. One promise is a sufficient consideration for another. *Thayer* v. *Allison,* 109 Ill. 180; *Pool* v. *Docker,* 92 id. 510; *Cook* v. *Murphy,* 70 id. 99.

The agreement of the principal debtor to keep the money for a given time after it is due, and to pay interest for that time, is a good consideration to sustain a contract extending the time of payment for such given time. *Crossman* v. *Wohlleben,* 90 Ill. 541.

If any stipulations are made between the creditor and the debtor, which are not communicated to the surety, and are inconsistent with the terms of his contract, or are prejudicial

to his interests therein, they will operate as a virtual discharge of the surety from the obligation of his contract. 1 Story's Eq. Jur. secs. 323-325.

If a holder of a note already matured, makes a valid agreement with the principal to extend the time of payment of the principal sum, he thereby discharges the surety. This doctrine, which is derived from chancery, is founded on the obligation which the contract for delay imposes upon the conscience of the creditor to perform it. Brandt on Surety and Guaranty, secs. 301, 304, 307.

The remedy we have pursued in this case, and the principles relied on and cited above, have been approved by this court in *Bradshaw, Admr.* v. *Combs,* 102 Ill. 429.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Edwin Henderson, to enjoin the prosecution of an action brought to collect a certain promissory note executed by George B. Allen, as principal, and complainant, as surety, bearing date November 6, 1875, whereby they jointly and severally promised to pay, twelve months after the date thereof, to Christopher Dodgson, $2000, with interest at ten per cent per annum. Dodgson died testate, April 4, 1878, and the executors of the estate, with George B. Allen, the principal on the note, were made parties defendant to the bill.

It is alleged in the bill that Allen was principal, and complainant surety, on the note; that Allen paid the interest on the note as it became due, up to November 6, 1876, and on January 10, 1877, Dodgson agreed with Allen to extend the time of payment to the 6th day of November, 1879, in consideration of the prompt payment by Allen, annually, of the interest; that Allen, in consideration of said promise of extension of the time of payment, agreed with Dodgson to keep the amount named in the note ($2000) until November 6, 1879, and pay the interest thereon, annually; that the exten-

sion of the time of payment was made without the knowledge or consent of the complainant. It is also set up in the bill that an action at law had been brought in the circuit court of Greene county, against Allen and Henderson, on the note, which was pending when the bill was filed; that Henderson set up as a defence to the action, that he was surety on the note, and that after the note became due, Dodgson, for a valuable consideration, agreed with Allen to extend the time of payment to November 6, 1879, without the knowledge or consent of complainant. It is also alleged that Allen is the only person by whom the agreement to extend the day of payment can be proven; that the executors will not consent that Allen may appear as a witness and testify in the action at law. The bill contains other allegations, but it will not be necessary to state them here, as enough has been set out to show the grounds upon which the complainant relies for relief.

It is apparent from the allegations of the bill, as well as from the evidence introduced in support of the bill, that complainant could not make a defence to the action at law, for the reason that Allen, who was the only person who knew that an agreement had been made to extend the time of payment of the note, was not a competent witness in the action at law. Section 2, chapter 51, of the Revised Statutes of 1874, page 488, expressly excludes a defendant from testifying in an action brought by an executor, like the one brought against Allen and Henderson. Resort to a court of equity was therefore a necessity,—the only tribunal where relief could be obtained. In *Bradshaw, Admr.* v. *Combs*, 102 Ill. 428, we held that a bill in equity was an appropriate remedy in a case of this character, and that the principal on the promissory note, on a bill filed against an administrator or executor by the surety, was a competent witness. As to complainant's right to file the bill, and upon the question of the competency of Allen as a witness, the case cited is conclusive, and no further notice need be taken of that question.

The next question to be considered is, whether, after the note became due, the time of payment was extended by an agreement between the payee of the note and the principal maker, Allen, based upon a valid consideration, and the effect of such a contract.    Allen testified that in the latter part of the year 1877 an agreement was made between him and Dodgson that the time of payment should be extended another year,—until November 6, following ; that he agreed to keep the money for that time, and pay the interest promptly.    We think the contract to extend the time of payment valid, and based upon a sufficient consideration.    The effect of the transaction was this :    About the end of the second year after the loan was made, Dodgson agreed to extend the time of payment one year if Allen would keep the money that time and pay ten per cent interest thereon promptly at the expiration of the time.    The agreement to keep the money another year and pay the interest thereon, was a sufficient consideration for the promise of the payee to extend the time of payment.    It may have been, and doubtless was, of great benefit to Dodgson to secure a loan another year at ten per cent interest. Had the money been paid in, a customer might not be found ready to borrow at so large a rate of interest, and hence the money might lie idle in the owner's hands a whole year.    But however that may be, there can be no doubt that the agreement to keep the money a whole year and pay a specified rate of interest, is a consideration which will support the agreement to extend the day of payment.

As to the effect of an agreement to extend the time of payment, upon the rights of the surety, when made without his knowledge or consent, the law is well settled.    As early as *Davis* v. *The People,* 1 Gilm. 409, this court held that if the creditor, by a valid and binding agreement, without the assent of the surety, gives further time for payment, to the principal, the surety is discharged, both at law and in equity, and it makes no difference whether the surety may be thereby

actually damnified or not. The same doctrine was announced in *Waters* v. *Simpson,* 2 Gilm. 570, and in *Crossman* v. *Wohlleben,* 90 Ill. 537. The contract of a surety is one that should be construed strictly, and in no case can he be held liable beyond the terms and conditions of the contract to which he gave his assent; and any binding contract entered into between the principal debtor and the creditor, which works a substantial change in the original contract, when made without the consent of the surety, will release the surety. An agreement based upon a good consideration, and binding on the parties, produces this result. Such was the contract proven in this case.

We are therefore of opinion that the decree of the circuit court was correct, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*