JOHN N. ENGLISH, Admr.

*v.*

MILO LANDON *et al.*

*Opinion filed October 16, 1899.*

1. WITNESSES—*when maker of note is competent in behalf of sureties after payee's death.* In a proceeding in chancery by sureties upon a promissory note to enjoin the prosecution of an action against them by the payee's administrator, the maker is a competent witness to show, in behalf of the sureties, an extension of time to him by the payee, and the bill may be filed for the purpose of procuring such testimony.

2. EVIDENCE—*creditor has burden of proving surety's full knowledge of creditor's acts.* The burden of proving that a surety had full knowledge of the acts of the creditor relied upon as sufficient to release the surety from liability rests upon the creditor.

3. SURETIES—*agreement to extend time need not be based on a money consideration, to release surety.* An agreement by a creditor, made without assent of the surety, to extend the time of payment will effect his discharge if based on mutual promises, although there is no actual money consideration.

4. SAME—*payment of interest in advance will support promise to extend time—effect as evidence.* Payment of legal interest on a debt in ad-

vance is a sufficient consideration to support an agreement for the extension of the time of payment, and is of itself sufficient *prima facie* evidence of such an agreement to discharge the surety.*

5. SAME—*payment of interest due, upon a promise to extend time, does not release surety.* The mere payment of principal or interest actually due will not support an agreement by a creditor, made without the surety's consent, to extend the time of payment, so as to work the discharge of the surety, but there must be a mutual intention to pay and receive a consideration therefor extending the time of payment beyond maturity to a specified date.

6. SAME—*promise to extend time indefinitely without consideration does not release surety.* A promise of indulgence made by the payee to the principal debtor without consideration and for no definite time will not work a discharge of the surety.

7. SAME—*when surety is not released by extension of time.* An extension of the time of payment made without consideration, for an indefinite period, is not mutually binding on the parties, and will not release a surety on the ground that it is a valuable right to have money placed on interest, and a valuable right, by discharge of the obligation, to avoid payment of interest.

*Landon* v. *English,* 75 Ill. App. 483, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Jersey county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

HAMILTON & HAMILTON, for appellant:

The payment of interest when due is no consideration for an agreement to extend the time of payment. *Crossman* v. *Wohlleben,* 90 Ill. 542.

In order to effect a release of the sureties there must be shown to have been an agreement between the principal maker and the payee in the note that the time of payment shall be extended after maturity for a definite time, and also that the principal maker shall keep the money during this definite time and pay the interest. *Reynolds* v. *Barnard,* 36 Ill. App. 222; *Dodgson* v. *Henderson,* 113 Ill. 364; *Crossman* v. *Wohlleben,* 90 id. 542.

---

*On the question of the performance of an existing contract obligation as consideration for a new promise, see note to *Abbott* v. *Doane,* (Mass.) 34 L. R. A. 33.

THOMAS F. FERNS, and ED. J. VAUGHN, for appellees:

If, by a valid and binding agreement between the creditor and the principal maker of a note, the time of payment is extended for a definite period without the consent of the surety, the surety is discharged. 2 Brandt on Suretyship, (2d ed.) sec. 342; *Bank* v. *Pierce,* 99 Ill. 272; *Dodgson* v. *Henderson,* 113 id. 360; *Price* v. *Bank,* 124 id. 317; *Bank* v. *Estate of Waterman,* 134 id. 461.

The payment of legal interest on a debt in advance is sufficient consideration to support an agreement for an extension of the time of payment thereof; and such payment, in advance of interest, by the principal, is of itself sufficient *prima facie* evidence of an agreement to extend the time of payment, and works the discharge of the surety. 2 Brandt on Suretyship, (2d ed.) sec. 352; *Flynn* v. *Mudd,* 27 Ill. 323; *Warner* v. *Campbell,* 26 id. 282; *Maher* v. *Lanfrom,* 86 id. 513; *Woolford* v. *Dow,* 34 id. 428; *Crossman* v. *Wohlleben,* 90 id. 537; *Stearns* v. *Sweet,* 78 id. 446.

The payment of even a small portion of the debt only a very short time before maturity will support a promise to extend the time of payment. 2 Brandt on Suretyship, (2d ed.) sec. 353, p. 514.

Any material alteration of the contract, or the substitution of a new contract, without the consent of the surety, will discharge him. *Davis* v. *People,* 1 Gilm. 409; 2 Brandt on Suretyship, (2d ed.) sec. 378; *White* v. *Walker,* 31 Ill. 422; *People* v. *Seelye,* 146 id. 189.

Nor does it matter that the alteration is of a trivial character, or even for the benefit of the surety. 2 Brandt on Suretyship, (2d ed.) sec. 388, and notes 1, 2 and 3; *Mix* v. *Singleton,* 86 Ill. 194; *Ryan* v. *Trustees,* 14 id. 20; 2 High on Injunctions, (3d ed.) sec. 1376.

A reduction of the rate of interest discharges the surety. It terminates the original contract and substitutes a new one to which the surety is not a party. *Field* v. *Brokaw,* 148 Ill. 654; *Bethune* v. *Dozier,* 10 Ga. 235; *Miller* v. *Stewart,* 4 Wash. C. C. 26; *Mackey* v. *Dodge,* 5 Ala. 388.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On the sixth day of September, 1884, William F. Sandidge borrowed of Jonathan E. Cooper $300, and made and delivered to the latter a promissory note for that amount, due one year from date, with interest at the rate of eight per cent per annum from date, with Milo Landon and William Sinclair as sureties thereon. In October, 1895, Cooper died, and John N. English was appointed his administrator with the will annexed. In January, 1897, the administrator brought suit on the note against the three makers. Thereupon Landon and Sinclair filed a bill in chancery to enjoin further prosecution of the suit, upon the ground they were released from liability as sureties for Sandidge by reason of Cooper extending the time of payment of the note without their knowledge or consent.

Upon the final hearing the only witness called and examined was William F. Sandidge, who was one of the defendants to the bill. The material parts of the testimony upon the question of extending the time of payment and reducing the rate of interest to be paid are as follows: "He gave me time, from time to time, on the note,—from year to year extended the time. First instance was the year the first interest would be due, in 1885. After the first year I went to Cooper and told him I was not able to pay the note off—I would like for him to extend it for another year. He did so. I paid him the interest and he extended it. He said, 'Pay me the interest,'—that was all he wanted; that would be his remark,—that he would be willing to extend the note by my paying the interest. I paid the interest at the time. When I did not feel able to pay the note I would request an extension. He would grant it by my paying the interest. In 1891, at C. & A. depot, I tendered him the full interest and part of the principal. I says, 'Uncle Cap, I can pay you the interest and half of the principal if you wish it.' He says, 'I don't need the money anyway;

I would want to loan it, and I don't know where I could loan it right away; I would just as soon you would keep it.' He said, 'The interest from this time on, Billy, will be only seven per cent.' I think every time I paid Cooper himself I paid the interest before it was due. After the first of September I don't think I paid any interest to Cooper. Usually paid it between the fifteenth of August and the first of September. Last time I paid Cooper was in 1891, at railroad, some time between the fifteenth of August and the first of September.

Q. "You didn't ever pay him at the end of the year?

A. "No, sir.

Q. "Any verbal change this time, in 1891?

A. "Nothing more than what he said. He says, 'Billy, the interest shall be only seven per cent from now on.'

Q. "Was that one of the times when he said you could have it another year?

A. "Yes, sir; one of the times."

The court, on hearing, dismissed the bill. On appeal to the Appellate Court for the Third District the decree of the circuit court was reversed and the cause remanded, with directions, and this appeal is prosecuted.

Whilst, on the death of the payee of a note then in possession thereof, the principal maker would not be a competent witness in behalf of the sureties to show an extension of time to the principal by the payee, in an action at law, he is competent in a proceeding in chancery, and a bill like this may be filed for the purpose of procuring his testimony. *Dodgson* v. *Henderson*, 113 Ill. 360; *Kennedy* v. *Evans*, 31 id. 258; *Bradshaw* v. *Combs*, 102 id. 428.

Whatever amounts to a material alteration of a contract is the substitution of a new contract, and when, without the assent of the surety, it is done, it will effect his discharge. One promise is a sufficient consideration for another, and an actual money consideration is not required to effect an extension of time. *Cooke* v. *Murphy*, 70 Ill. 96; *Pool* v. *Docker*, 92 id. 501; *Thayer* v. *Allison*, 109 id. 180.

The payment of legal interest on a debt in advance is a sufficient consideration to support an agreement for an extension of the time of payment thereof, and such payment of interest by the principal is of itself sufficient *prima facie* evidence of an agreement to extend the time of payment and works the discharge of the surety. *Warner v. Campbell*, 26 Ill. 282; *Flynn v. Mudd*, 27 id. 323; *Maher v. Lanfrom*, 86 id. 513; *Woolford v. Dow*, 34 id. 424; *Crossman v. Wohlleben*, 90 id. 537; *Stearns v. Sweet*, 78 id. 446.

Where a material change of contract between the payee and the principal maker clearly appears from the evidence, and that fact is established, the burden of proving the surety had full knowledge of the acts which released him rests upon the creditor. *Gamage v. Hutchins*, 23 Me. 565.

To effect a discharge of a surety by such extension of time the evidence must show a new contract was made. It must show the time of payment was extended beyond maturity, for a definite time and for a good or valuable consideration. The mere payment of a part of the principal actually due, or all or part of the interest actually due, will not constitute such new contract with a sufficient consideration. There must be an actual intention by both parties to extend the time of payment to a definite time and an intention to pay and receive a consideration therefor.

At about the time of the maturity of the note in suit the principal maker notified the payee that he would like the same to run another year at the same rate of interest. The payee only desired interest on his note, and so notified the principal maker. On six or more different times a similar conversation was had between the payee and the principal maker, and the note continued and the payment of interest was made by the principal maker at about the end of each year. At about the time of the last payment of interest the principal maker notified the payee that he could pay one-half of the principal and

the interest. The payee expressed the wish that one-half should not be paid at that time. The payee was not bound to accept less than the whole amount, but at that time stated the interest would be reduced from eight per cent, as had theretofore existed, to seven. In *Crossman* v. *Wohlleben, supra,* it was held (p. 541): "A mere promise of indulgence on payment of interest at the rate named in the note, or at any other rate, is not binding without something to bind the debtor to pay interest for a given time. A payment of interest in advance would answer, and * * * a promise by the principal debtor to keep the money a given time at a given rate of interest would be such a consideration as would support and make binding the promise by the creditor to extend the payment for a given time. It is essential, in all such cases, that both parties should be bound by the agreement, or that it should have mutuality. The record in this case fails to show specifically that the principal debtor at any time bound himself to keep the money and pay the interest upon it for any specified time, or that he ever paid interest in advance. The endorsements upon the note are presumed to have been made by the creditor, and may have been consented to by the principal debtor. These endorsements of the payment of interest fail to show any payment of interest in advance. None of these endorsements show a contract on the part of the debtor to keep the money for any given time. * * * A mere promise made by a creditor to indulge the debtor for a given length of time upon the payment of interest does not bind him to such extension, because the payment of interest is already secured by the terms of the original note for any delay that may occur from any indulgence that might be given; and unless the debtor is also bound by the contract to retain the money for a given length of time, and to pay the interest for that period whether he retains the money that length of time or not, such promise by the creditor lacks consideration and is not binding upon either party."

Under the evidence in this record it does not appear there was ever a payment of interest in advance made as a consideration for the extension of time to a specified date, nor is there any evidence showing the principal debtor at any time bound himself to keep the money and pay interest for a specified time. The evidence shows a mere promise of indulgence by the payee towards the original maker, and no more interest was paid than what was substantially due at the time of the payment and at the rate mentioned in the note. There was no mutuality in the contract by which a collection could be made from the principal of interest to a specified time, and in the absence of such mutuality, and in the absence of a consideration for an extension of time, by which, if a suit were brought on the note, the principal could avoid a recovery before a specified date, there was not such an extension as would release the sureties.

It is contended by the appellees that it is a valuable right to have money placed on interest and a valuable right to have the privilege of getting rid of the payment of interest by discharging the principal, and *McComb* v. *Kitteridge*, 14 Ohio, 351, is cited to sustain the contention. Unless, however, both parties are bound by the contract of extension there is no consideration for the agreement of the creditor to extend the time of payment. There is no evidence in this record showing such an extension of time for a specified period and for a specified consideration as was mutually binding on both parties. There is in this record no evidence which would preclude the creditor from bringing suit at any time on the note and having a recovery, by reason of anything shown in the way of an extension of time for a consideration.

It was error in the Appellate Court to reverse the decree of the circuit court. The judgment of the Appellate Court for the Third District is reversed and the decree of the circuit court of Jersey county is affirmed.

*Judgment reversed.*