### Perry King v. Joseph Griggs.

1. SURETY—*what does not release.* A mere promise of indulgence, not amounting to an extension of the time of payment of a note, will not release one who stands with respect thereto in the relation of a surety.

Action commenced before justice of the peace. Appeal from the Circuit Court of Lawrence County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1904. Reversed and remanded. Opinion filed September 9, 1904.

J. D. MADDING and GEORGE P. RAMSEY, for appellant.

J. E. McGAUGHEY and GEE & BARNES, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

June 16, 1894, James A. Fyffe, with appellee as surety, gave his promissory note to Perry King, appellant, for the sum of $100, payable six months after date, with interest at seven per cent per annum. It does not appear that any payment was ever made on the note. Upon action before a justice of the peace by appellant against the makers of. the note, a verdict and judgment was rendered in favor of the defendants. On appeal to the Circuit Court, Fyffe, the principal, was defaulted, and the question of appellee's liability tried by a jury, resulting in verdict and judgment in favor of appellee, from which the plaintiff appealed. The defense relied upon was and is, that appellant, by agreement with Fyffe, the principal, extended the time for payment of the note, without consent of appellee, the surety, thereby releasing him from liability in this action. At the conclusion of all the evidence, plaintiff moved the court to instruct the jury to find for the plaintiff, which was refused. Exceptions were preserved and errors assigned. Error is

also assigned upon the giving of defendant's instructions, especially the third.

The only question for review is, whether in law there is evidence to support the verdict. All that is involved by the appeal may be considered under the ninth specification of the assignment of errors, viz.: " The verdict of the jury is manifestly against the evidence." It is not disputed that Fyffe was principal and appellee only a surety on the note in controversy. Nor is it contended, as we understand the argument of appellant, that a valid and binding contract between the principal and payee for an extension of the time of payment without the consent of the surety would not be a complete defense in this case. There is no conflict of authority as to the law. It remains only to consider the evidence found in the record. The testimony bearing upon the question is brief, and may be here transcribed. Fyffe, the principal in the note, was called as a witness by the defendant and testified as follows:

" Q. Now, this note was given for six months; when it became due, did you have any agreement with Mr. King as to extending the time ? A. I could not pay it at the time and he agreed to let it go for six months.

" Q. Now, that was on December 16, 1894 ? A. Yes, sir."

Witness states that Griggs was not present and was not told of the agreement.

On cross-examination he testified:

" Q. When was the first time Mr. King approached you about the payment of this note ? A. When it was due he spoke to me about it.

" Q. What did he say ? A. I told him I could not pay it; he said he did not need the money; he just says, let it rest. * * * I don't remember particularly just what was said; he said he would extend the time; he said, just let it go six months; I was not in a financial condition to pay the note when it became due. I don't remember whether I asked him to indulge with further time or not."

Appellant testified : " I never made a contract with Mr. Fyffe to extend the note. When the note became due we had a conversation and he (Fyffe) told me that he was

not able to pay it and wanted me to carry it a little longer
and I told him to let it go on." The foregoing is all the
evidence that in anywise tends to prove a contract for
extension of time on the note. This falls far short of prov-
ing a contract. Fyffe was unable to pay the note when due
and asked indulgence, which was granted. He was told
by appellant to " let it go on," " let it rest," " let it go for
six months." Some one or all of these expressions were
used, but nothing appears to show an agreement by Fyffe
to retain the money and pay interest for the time, six
months, which was mentioned. The circumstances rebut
any inference of such intention by either party. Appellant
wanted the money, Fyffe wanted time, and what was said
was no more than an indulgence of the debtor in the time
of payment. In English v. Landon, 181 Ill. 614, wherein
sureties on a note sought to enjoin the prosecution of a suit
at law upon the ground that they were released from
liability by reason of the principal extending the time of
payment of the note without their knowledge or consent,
and wherein the evidence of a valid and binding contract is
much stronger than in this case, and under circumstances
very similar, the Supreme Court say: " The evidence
shows a mere promise of indulgence by the payee towards
the original maker, and no more interest was paid than
what was substantially due at the time of payment and at
the rate mentioned in the note. There was no mutuality
in the contract by which a collection could be made from
the principal, of interest to a specified time, and in the
absence of such mutuality, and in the absence of a con-
sideration for an extension of time, by which, if a suit were
brought on the note, the principal could avoid a recovery
before a specified date, there was not such an extension as
would release the sureties." This language of the Supreme
Court is applicable under the evidence in the case at bar.
With all the evidence before us, it is clear that the verdict
was manifestly against the evidence and ought to have
been set aside.

The judgment of the Circuit Court is reversed and the
cause remanded.                    *Reversed and remanded.*