## Highland Park State Bank, Appellee, v. John H. Sheahen, Appellant.

### Gen. No. 5,105.

1. PLEADING—*when action of court in sustaining demurrer to pleas immaterial.* The action of the court in sustaining demurrers to special pleas is immaterial, if under the general issue the defendant has been permitted to introduce all the evidence which he could have introduced under such pleas had no demurrer been sustained thereto.

2. SURETYSHIP—*what does not discharge surety.* The fact that the principal maker of a note payable to a bank has funds deposited in such bank after the maturity of the note and before suit thereon, exceeding the sum due, and that such bank does not appropriate the same to its payment, does not discharge the surety.

3. SURETYSHIP—*when extension discharges surety.* If a creditor by a valid agreement, without the assent of the surety, gives further time to the principal debtor, the surety will be discharged, but to discharge the surety such an agreement must put it out of the power of the holder of the note to enforce the same during the period of forbearance agreed upon. To discharge the surety such an extension must be based upon a new and valid consideration.

4. SURETYSHIP—*what consideration sufficient to support extension which will discharge surety.* The payment of legal interest on a debt in advance is a sufficient consideration to support an agreement for an extension of the time of payment and such payment of interest by the principal is, by itself, sufficient *prima facie* evidence to extend the time of payment, and works a discharge of the surety. However, the mere payment of a part of the principal actually due, or all the interest actually due, will not constitute such new contract with a sufficient consideration; there must be an acual intention of both parties to extend the time of payment and an intention to pay and receive the consideration therefor.

Assumpsit. Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 24, 1909.

E. S. GAIL, for appellant; LESLIE A. NEEDHAM, of counsel.

BOWEN W. SCHUMACKER, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

The Highland Park State Bank, appellee, commenced this suit in *assumpsit* in the Circuit Court of Lake county on July 11, 1907, against Swan H. Petterson and John H. Sheahen, appellant, to recover the amount claimed to be due on a promissory note in the words and figures following:

"No. 2752     $800.00.

HIGHLAND PARK, ILL. Apr. 12, 1906.

On demand after date I promise to pay to the order of the Highland Park State Bank Eight Hundred Dollars, with interest at seven per cent per annum after date at the office of said bank. Value received. In case of the insolvency of the undersigned any indebtedness due from the legal holder hereof to the undersigned may be appropriated and applied hereon at any time, as well before as after the maturity hereof.

SWAN H. PETTERSON.
JOHN H. SHEAHEN."

On the back of said note were endorsed twelve monthly interest payments; the first dated May 5, 1906, and the last April 30, 1907, showing that the interest on said note was paid to May 1, 1907. Twenty-five dollars was endorsed on the principal, April 5, 1907.

The declaration filed July 30, 1907, contained a special count of payee v. maker, and the common counts. Swan H. Petterson was adjudicated a bankrupt, September 28, 1907. On November 8, 1907, the United States District Court enjoined appellee from proceeding further with this suit against Petterson. On October 16, 1908, John H. Sheahen, appellant, filed the plea of the general issue, a verified plea denying joint liability with said Petterson, and five special pleas, designated as three, four, five, six and seven. A demurrer was sustained to the third, fourth, sixth and seventh pleas. The third plea alleged that the note was made and delivered to appellee by Petterson as principal debtor and appellant Sheahen as surety

for said Petterson for six months and that on October 12, 1906, appellee, at the request of Petterson, in consideration of the promise of monthly payments of interest upon the principal sum of said note, and payment of interest upon said principal sum remaining due from time to time until the whole of said principal sum should be paid together with the interest thereon, appellee agreed with said Petterson to and did renew said note from month to month without the knowledge or consent of appellant, and that said Petterson thereafter became bankrupt, whereby appellant was discharged from liability as such surety. The fourth plea was substantially like the third, though less in detail. The fifth plea alleged that Petterson had an insurance of $1,500 on a stock of goods, and that on May 21, 1907, he sustained a loss of his stock of goods by fire, whereby the insurance company became liable to pay him said sum, and that thereafter Petterson, at the request of appellee, sold and delivered to appellee his claim for damages in payment of said note, and that thereby appellant was released from liability on said note. The sixth plea alleged that appellee, at the time of the making and delivery of said note, was conducting a bank in the city of Highland Park; that said Petterson deposited funds therein from the time of making said note until about June, 1907, and that said Petterson became insolvent and thereafter had $800 deposited in appellee's bank, and that appellee agreed to apply the amount so deposited on the payment of said note as provided by its terms, and that appellee neglected and failed to apply such deposits in payment of such note, whereby appellant was released as surety on said note. The seventh plea alleged that appellee failed to make demand or collect said note within a reasonable time, and that Pettersonu thereafter became bankrupt, and that thereby appellant was released as surety on said note. Issues were joined on the *similiters* tendered by the first and second pleas and by appellee's replication to the fifth

plea. There was a trial before the court without a jury. Judgment was rendered in favor of appellee for $667.45 and costs, and Sheahen prosecutes this appeal.

It is immaterial whether the demurrer was properly sustained or not for the reason that the record discloses that appellant was permitted to introduce under the general issue all evidence offered tending to establish his release from liability on the note on account of the extension alleged in the third and fourth pleas.. However, the authorities hereinafter cited justify the action of the court in sustaining the demurrer to the third and fourth pleas. As appellant makes no point in argument on the ruling of the court in sustaining the demurrer to the sixth and seventh pleas, the propriety of that ruling will not be considered.

It appears from the evidence that Petterson had a deposit account in appellee's bank varying in amount from time to time. Appellant contends that the money on deposit to the credit of Petterson in appellee's bank should have been applied in payment of the note. We are of the opinion that, while by the terms of the note, appellee might have applied the money in its bank belonging to either the principal maker or surety, to its payment, yet appellee's failure so to do with money belonging to the principal did not discharge the surety. The fact that the principal maker in a note payable to a bank has funds deposited in the bank after the maturity of the note and before suit on the note, exceeding the sum due thereon, and. that the bank does not appropriate the same to its payment, does not discharge the sureties. Voss v. German American Bank, 83 Ill. 599.

One Holmes, in charge of the collection of interest in appellant's bank, testified that it was appellee's custom to collect interest on all its demand notes at the end of each month; that he would, without consulting the maker of a note who had money on deposit,

draw a debit slip for the amount of the interest for that month, charge it against the maker's account, endorse the amount on the note, and return the slip to the maker with his checks. All the payments of interest endorsed on this note were made in that way. Petterson did not make any payment of interest, nor draw any of the debit slips, nor was he consulted as to any of the endorsements.

The vital question for our consideration here is, was there an agreement, based upon a valuable consideration, for an extension of the time of payment of the note without the consent of the surety? It is true that some of the endorsements were made a few days before the interest was due and if the proof had shown that Petterson had paid to appellee interest in advance, in consideration of which, appellee had agreed to extend the time of payment of the note for a given period without the consent of appellant, appellant would have been released from liability. The law is, that if a creditor by a valid agreement, without the assent of the surety, gives further time to the principal debtor, the surety will be discharged. Dodgson v. Henderson, 113 Ill. 360; Price v. Dime Savings Bank, 124 Ill. 317; Heenan v. Howard, 81 Ill. App. 629. But to discharge the surety, such an agreement must put it out of the power of a holder of the note to enforce the note during the period of forbearance agreed upon. To discharge the surety it must be based upon a new and valid consideration. Gardner v. Watson, 13 Ill. 347. The payment of legal interest on a debt in advance is a sufficient consideration to support an agreement for an extension of the time of payment and such payment of interest by the principal is, of itself, sufficient *prima facie* evidence to extend the time of payment, and works a discharge of the surety. English v. Landon, 181 Ill. 614. However the mere payment of a part of the principal actually due, or all the interest actually due, will not constitute such new contract with a sufficient consideration. There must be

an actual intention of both parties to extend the time of payment and an intention to pay and receive the consideration therefor. English v. Landon, *supra*.

Holmes testified that in order to get his work done by the end of the month, he drew the debit slips not later than the last day, and sometimes five or ten days before the end of the month. He also denied having any conversation with Petterson with reference to granting an extension of time on this note. Petterson testified that he asked for time and that Holmes said to let it go as it had. This was the only conversation relative to the extension of the note. The endorsements do not represent any payments voluntarily made by Petterson, nor does the conversation had between the creditor and the principal debtor show an agreement for the extension of payment, nor does the evidence show that Petterson paid to appellee interest in advance, in consideration of which, appellee agreed to extend the time of payment for a given period. There is no evidence in this record showing an extension of time for the payment of the note for a specified period for a specified consideration mutually binding on both parties. There is, in this record, no evidence which would have precluded appellee from bringing suit at any time on demand for its payment and having a recovery by reason of anything shown in the way of an extension for a valuable consideration.

We therefore conclude, that there was no expressed or implied agreement made for the extension of the time of payment of the note, and the judgment is therefore affirmed.

*Affirmed.*