## B. F. Lawrence and J. S. Lawrence, Appellees, v. Albert C. Hammond, Administrator, Appellant.

1. WITNESSES, § 114*—*when maker of note is competent witness in suit by sureties to enjoin collection of note by administrator.* In a suit by sureties on a note against the administrator of the estate of the deceased payee of the note to enjoin the administrator from the prosecution of an action at law on the note to recover the amount thereof, where the allegations and proof in such suit showed that the maker of the note had given a mortgage on certain lands as additional security on the note, but it was not recorded until seven years after the execution and delivery of the note and after the mortgagor had conveyed the lands to another, and the maker and the payee of the note on several interest dates had entered into agreements without notice to the sureties for extension of the time of payment of the note, *held* that while the maker of the note was not a competent witness in the action at law as to the matters sought to be proven by the sureties, he was a competent witness in equity, and a bill in equity was the appropriate remedy.

2. PRINCIPAL AND SURETY, § 16*—*when sureties released from liability by extension of time of payment.* Extension of the time of payment of a note without the knowledge or consent of the sureties thereon operates as a release of their liability as such.

3. PRINCIPAL AND SURETY, § 61*—*when mortgage is also for benefit of sureties.* Where the payee of a note executed by a principal debtor and sureties also received at the time of its execution a mortgage on real estate as additional security, *held* that in equity the mortgage was not only for the payee's benefit but also for the sureties' indemnity as well.

4. PRINCIPAL AND SURETY—*when sureties released from liability by destruction of collateral security.* The destruction by the payee of a note of collateral security held by him as additional to sureties on the note without their consent will operate to release them from liability on the note.

Appeal from the Circuit Court of Clark county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 11, 1917.

SCHOLFIELD & SCHOLFIELD, for appellant.

GRAHAM & SNAVELY, for appellees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellees, B. F. Lawrence and J. S. Lawrence, filed their bill in equity to enjoin the prosecution of a suit at law instituted by appellant, as administrator of the estate of Clark H. Hammond, deceased, against them and Sylvester Hazen to recover the amount due upon a promissory note executed on February 11, 1907, by Hazen and appellees, payable to the order of Clark H. Hammond, for the principal sum of $600, due four years after date with 7 per cent. interest per annum.

It is alleged in the bill that said Hazen was the principal debtor and that appellees were sureties, which fact was known to Clark H. Hammond at the time of the execution of the note; that at the same time, as further security for the note, said Hazen and his wife executed and delivered to said Clark H. Hammond a mortgage on certain real estate, but that the scrivener, in writing said mortgage, stated therein that said note secured thereby was a note signed by Hazen and his wife, whereas in truth and in fact the mortgage was given to secure the note signed by said Hazen and appellees; that said appellees signed said note as sureties with the full understanding that said mortgage was to be given as additional security for said note, and that it was because of the additional mortgage security that they were induced to sign said note as sureties; that said mortgage was not placed upon record until April 28, 1914, more than seven years after the same was executed; that prior to the recording of said mortgage, said Hazen and his wife, by warranty deed, conveyed said real estate, which deed was placed upon record March 7, 1911; the grantee in said deed, on March 7, 1911, executed and delivered a mortgage on said real estate for the sum of $900, which mortgage was recorded March 7, 1911; that said real estate was worth in excess of said mort-

gage of $600, and was ample security therefor; that on account of the failure of Clark H. Hammond to place the first-mentioned mortgage upon record, the property was deeded away and the security created thereby entirely lost to appellees; that by reason of the failure of said Clark H. Hammond to place said mortgage on record as aforesaid, and the consequent loss of said security, appellees have become fully discharged from all liability upon said note so executed by them; that said Clark H. Hammond died April 12, 1915, and appellant was appointed administrator of his estate; that on several interest dates after said notes became due, Clark H. Hammond and Sylvester Hazen entered into agreements whereby the time of payment of said note was extended by said Hammond for a year at a time without the knowledge or consent of appellees, and the latter, by reason of said extensions without notice to them, became released as sureties on said note and discharged from any liability thereon; that at the time said Hazen contemplated selling said real estate he informed said Clark H. Hammond of such intention and that the latter advised him to go ahead and make the sale and that it would be all right with him, and said sale of said real estate was made with the full knowledge and advice of said Clark H. Hammond; that said Hazen is, under the law, an incompetent witness to testify in said suit at law commenced by said administrator and is the only person by whom the agreements to extend the times of payment and the question of surety and notice to said Clark H. Hammond of the same can be proven, and that this suit is necessary for the purpose of securing the testimony of said Hazen, in regard to these matters.

The proofs sustain the allegations of the bill and a decree was entered, enjoining the prosecution of the suit at law and discharging appellees from any liability as sureties on said note.

It is apparent that Clark H. Hammond, the payee in the note, being dead, Hazen, the maker thereof, would be an incompetent witness of the matters sought to be proven in the suit at law. In equity, however, he would be a competent witness, and a bill in equity is an appropriate remedy in a case of this character. *Dodgson v. Henderson,* 113 Ill. 360; *Bradshaw v. Combs,* 102 Ill. 428; *English v. Landon,* 181 Ill. 614.

The extensions of the time of payment of the note without the knowledge or consent of the sureties operated as a release of their liability as such. *English v. Landon, supra; Dodgson v. Henderson, supra.*

If the payee of a note, executed by the principal debtor and sureties, at the time of its execution also receives a mortgage on real estate as further security, in equity the mortgage is not only for the payee's security but for the sureties' indemnity as well. *Beaver v. Slanker,* 94 Ill. 175. A destruction of such collateral security by the payee without consent of the sureties will operate to release the sureties from liability upon the note. *Rogers v. Trustees of Schools,* 46 Ill. 428; *Kirkpatrick v. Howk,* 80 Ill. 122; *Hall v. Hoxsey,* 84 Ill. 616; *Phares v. Barbour,* 49 Ill. 370.

Clark H. Hammond in his lifetime not only held the mortgage as collateral security for the payment of the note, but also as trustee for the benefit of appellees, as sureties on the note. If appellees had been required to pay the note, they would have had the right to have been subrogated to the rights of Clark H. Hammond in the mortgage. He having failed to record the mortgage and having consented to a conveyance of the real estate, appellees lost the security of the mortgage through his acts and became released from any liability as sureties upon the note. The decree of the Circuit Court is affirmed.

'*Affirmed.*