Rose Silberman and Manuel Silberman, Appellants,
. v. Martha L. Connole et al., Appellees.

Opinion filed February 1, 1932.

JAMES K. MORAN, for appellants; KARCH, HENDRICKS
& MORAN, of counsel.

PHILIP G. LISTEMAN, for appellees.

MR. JUSTICE FULTON delivered the opinion . of the
court.

This is an appeal from an order entered by the
circuit court of St. Clair county, denying appellants a
temporary injunction and dismissing their bill for
want of equity.

The bill of complaint alleged that Martha Connole,
as administratrix of the estate of Samuel Krutansky,
deceased, filed suit at law against appellants and
others, upon three promissory notes which were ex-
ecuted by appellants and Ben Shatzman, Louis Kra-
mer and the Shatzman and Silberman Grocery Com-
pany, as makers thereof; that note number one was

for the sum of $2,000, note number two for the sum of $5,000 and note number three for the sum of $4,000; that the declaration contained three counts and the common counts and that the appellants had filed their plea of general issue and a special plea of payment to the declaration of appellee.

The bill further sets up that the appellants, together with the other parties above named, were joint makers upon the notes; that all of said notes were fully paid and delivered up to the principal debtor, the said Shatzman and Silberman Grocery Company and remained in their hands until the 26th day of September, 1926, upon which date the said Samuel Krutansky died intestate.

The bill then alleges the appointment of Martha L. Connole as administratrix of the estate of Samuel Krutansky; that the assets of said estate were turned over to the said administratrix by Lena Krutansky, widow of Samuel Krutansky, and also an heir and beneficiary of his estate; that among the alleged assets of said estate, turned over to the administratrix by the widow, were the three notes in controversy; that the notes were not the lawful property of said estate but belonged to the Shatzman and Silberman Grocery Company and that said notes were wrongfully and fraudulently taken from the premises of the said grocery company and by some unknown person.

The bill further sets forth knowledge of these facts by Lena Krutansky and the institution of the suit by the administratrix. It alleges that Louis Kramer and Ben Shatzman, in addition to the complainants, are the only persons that know all the facts pertaining to the payment of said notes and they would be precluded from testifying in a suit at law, whereas it is alleged that they would be competent witnesses in behalf of the appellants in a court of equity.

The bill prays for a full, just and equitable inquiry into the account of the several parties to the suit and

for a temporary injunction restraining the said administratrix from prosecuting the suit at law above described. The bill was presented to the court upon notice to appellees, whereupon the administratrix moved to dismiss the bill for want of equity. After a hearing, the court refused the temporary injunction prayed for by appellants and dismissed the bill for want of equity.

It is the contention of appellants that, with reference to the payment or the manner of the acquisition of the notes, any of the makers of said notes would be competent witnesses in a chancery suit. In support of this theory they cite, first, the case of *Bradshaw v. Combs,* 102 Ill. 428. In that case the court held that the principal on a promissory note, on a bill filed against an administrator or executor by the surety, was a competent witness, but the conclusion of the court is that a party, whose interest would be affected by the suit, is incompetent to testify, either in chancery or a suit at law. To the same effect is the case of *Dodgson v. Henderson,* 113 Ill. 360, and the other cases presented by appellants. In each of the cases cited, the suits were brought by the surety on the note to show his discharge from payment, because of some agreement between the principal on a promissory note and the payee for an extension of time for payment, without the consent of the surety. In those cases the principal on the note had no interest and therefore was a competent witness in an equitable proceeding.

In this case the two persons the appellants propose to use as witnesses are joint makers of the notes and their interests would be directly affected by the result of the suit. They are, therefore, incompetent to testify on their own behalf or on behalf of appellants, either in chancery or a suit at law. If parties were permitted to testify under such circumstances, the very purpose of the limitation contained in section 2 of the Evidence Act, Cahill's St. ch. 51, ¶ 2, would be defeated.

The contention of appellants that the suit involves an intricate accounting is without merit, because the liability, if any, of appellants is fixed by the terms of the notes to which their signatures are attached, and no set of facts is alleged in the bill which would warrant the interference of a court of equity on the ground of an accounting.

It is our judgment that the circuit court, in denying the temporary injunction and dismissing the bill for want of equity, committed no error and its order should be affirmed.

*Affirmed.*