MATHIAS CROSSMAN

*v.*

JOHN WOHLLEBEN.

</div>

1. SURETY—*release by extension to principal.* It is well settled that where the payee of a promissory note, executed by a principal and surety, makes a binding agreement with the principal debtor, without the consent of the surety, to extend the time of payment of the note, the surety is thereby discharged from his liability.

2. A mere indorsement by the creditor upon the note, that the time of payment is extended to a given day, and that interest has been paid to such date at the same rate specified in the note, without any proof or showing that the interest was paid in advance, there being no date to such indorsement, and no evidence that the principal debtor bound himself to keep the money or pay interest for the time of such extension, will not discharge the surety. It is essential in such cases that both parties shall be bound by the agreement, or that it have mutuality, in order to discharge the surety not assenting to the extension.

3. JUDGMENT BY CONFESSION—*construction of affidavit to open.* In applications to set aside judgments entered by default or entered in *ex parte* proceedings, affidavits in support of such applications are to be construed most strongly against the party making the application. It is not sufficient to state facts from which, if proved on a trial, a defense might be inferred.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

On the 28th of July, 1876, judgment was entered by confession, upon a cognovit, in favor of Wohlleben against Rolle and Crossman, for $787.23, under a power of attorney authorizing the same to be done, upon a promissory note in these words:

"$787.23       ·       *Chicago, March* 8, 1873.

One year after date, for value received, we promise to pay to the order of John Wohlleben $700, with interest at the rate of ten per cent per annum, after date, until paid, and payable at our office.

<div align="right">H. T. ROLLE.<br>MATHIAS CROSSMAN."</div>

At the time of the entry of this judgment the following indorsements appeared upon the note:

"This note is extended to six months, interest paid up to March 8, 1874."

"Note extended for six·months, to March 8, 1875, interest paid to September 8, 1874."

"Interest paid on this note to March 8, 1875, and is extended to September 8, 1875."

"Interest paid on this note to September 8, 1875, and extended to March 8, 1876."

At the next term of that court (August term, 1876,) Crossman moved, that as to him, this judgment should be vacated and set aside, and that he be allowed to plead to the merits, and, in support of the motion, filed his own affidavit, stating that he signed the note in question merely as surety for Rolle; that he received no part of the consideration of the note, and that this was known to the plaintiff; that after the note became due, the plaintiff agreed with Rolle to extend the time of payment of said note to the 8th of March, 1875; that about the 8th of March, 1875, plaintiff agreed to extend the time of the note to the 8th of September, 1875, and that on the 8th of September, 1875, plaintiff agreed with Rolle to extend the time of payment to the 8th of March, 1876; that

said extensions were made upon valuable and sufficient consideration, passing from Rolle to Wohlleben, to-wit, upon the promise of Rolle to pay Wohlleben interest on said principal during the period of such extension, at the rate of ten per cent per annum, and the said Rolle has actually paid such interest to Wohlleben during said periods; that these several agreements were made without the knowledge or consent of affiant; that he had no knowledge of either of them until a day before the judgment was rendered, and that he had not since consented to, or ratified either of them, or promised to pay the note. Affiant further says that he has a good defense to said action upon the merits of the whole of plaintiff's demand.

The Superior Court overruled the motion to set aside the judgment. To this ruling Crossman excepted, and brings the record here by writ of error and asks the reversal of the judgment.

Messrs. BARBER & LACKNER, for the plaintiff in error.

Messrs. THEODORE & T. H. SCHINTZ, for the defendant in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is well settled that where the payee of a promissory note, executed by a principal and a surety, makes a binding agreement with the principal debtor, without the consent of the surety, to extend the time of payment of the note, the surety is thereby discharged from his liability. The question presented here is, whether the record shows that such an agreement was made in this case, between the payee of the note and the principal debtor.

It is said by REED, Justice, (in *McComb* v. *Kitteridge*, 14 Ohio, 351,) "It is just as competent for the principal to a note to extend the time of payment for a specified period, as it was to fix the time of the payment originally. If the lender of

money secured by a note, after the same becomes due, contracts with a borrower that the time of paying the same shall be extended either one year or any other period, upon consideration that the borrower shall pay the legal or less rate of interest, why should not the contract be binding? The lender, by this contract, secures for himself the interest on his money for the year, and the borrower precludes himself from getting rid of the payment of interest by discharging the principal. It is a valuable right to have money placed on interest. It is a valuable right to have the privilege, at any time, of getting rid of the payment of interest by discharging the principal. By this contract the rate of interest is secured for a given period, and the right to pay off the principal and get rid of the interest is also relinquished for such period. Here, then, are all the elements for a binding contract; but it is said, there is no consideration for the extension of time, because the law gives six per cent after the debt is due. But the law does not secure the payment of this interest for any given period, or prevent the discharge of the principal at any moment. There is precisely the same consideration for the extension of the time as there was for the original note."

Even if this view be conceded, it is essential, however, that both parties shall be bound by the contract of extension, otherwise, there is no consideration for the agreement of the creditor to extend the time.

In *Woolford* v. *Dow*, 34 Ill. 428, (a case not unlike the present) this court said: "The note was due six months from its date with ten per cent interest. The answer sets up, that after the note became due, defendant in error (the creditor) agreed with them (the principal debtors) to extend the time of payment, *if they wanted*, and pay ten per cent interest and $100 each month in liquidation of the note until it should be paid. It will be perceived that they state no new consideration to sustain the agreement. * * * The note, by its terms, drew ten per cent interest, and this agreement made no change in its terms as to the rate of interest. A credit is

indorsed upon the note of $100, for interest to the 9th day of February, 1862, but it does not appear to have been paid in advance. For aught that appears, it was paid on that day, and if so, it was then due. Had this interest been paid in advance it would have constituted a consideration for the agreement, but so far as this record discloses, the agreement to extend the time of payment * * * was a mere *nudum pactum*."

In the case at bar there is no consideration shown, either by a promise on the part of the debtor to keep the money for any given time, and pay interest for that time, or by paying the interest in advance for any given time. The payment of interest already accrued is not a consideration. A mere promise of indulgence on payment of interest at the rate named in the note, or at any other rate, is not binding without something to bind the debtor to pay interest for a given time. A payment of interest in advance would answer, and by the Ohio case, a promise by the principal debtor to keep the money a given time at a given rate of interest, would be such a consideration as would support and make binding the promise by the creditor to extend the payment for a given time.

It is essential, in all such cases, that both parties should be bound by the agreement, or that it should have mutuality. The record in this case fails to show specifically that the principal debtor at any time bound himself to keep the money and pay the interest upon it for any specified time, or that he ever paid interest in advance. The indorsements upon the note are presumed to have been made by the creditor, and may have been consented to by the principal debtor. These indorsements of the payment of interest fail to show any payment of interest in advance. None of these indorsements show a contract on the part of the debtor to keep the money for any given time. The affidavit on this subject fails to show unequivocally that there was any consideration for the agreement of the creditor to extend the time of payment. The affidavit states that Rolle agreed with the defendant to extend the time, from time to time, but it does

not state that Rolle paid interest in advance for the extension or that he agreed to keep the money until the end of the respective extensions, or until the end of either of them, or for any given time.

In applications to set aside judgments entered by default or entered in *ex parte* proceedings, affidavits in support of such applications are to be construed most strongly against the party making the application.

It is not sufficient to state facts from which, if proved on a trial, a defense might be inferred. We think the affidavit in this case fails to make out a case for the plaintiff in error in this—that it fails to show unequivocally that Rolle bound himself, so that he could not, if he chose, have paid off the principal, and accrued interest at any given time, and have thus discharged the debt, even before the period of extension had expired. A mere promise made by a creditor to indulge the debtor for a given length of time, upon the payment of interest, does not bind him to such extension, because the payment of interest is already secured by the terms of the original note for any delay that may occur from any indulgence that might be given; and unless the debtor is also bound by the contract to retain the money for a given length of time, and to pay the interest for that period whether he retains the money that length of time or not, such promise by the creditor lacks consideration, and is not binding upon either party.

For aught that appears in this case the creditor might, notwithstanding the extensions which he had agreed to, have brought suit at any time upon this note; and the principal debtor, or the surety, might have, at any time, discharged the debt and canceled his obligation by the payment or tender to the creditor of the principal of the note and the unpaid interest accrued up to the date of such payment or tender; and this at any time before the expiration of the time of the so-called extensions.

The judgment must be affirmed.

*Judgment affirmed.*