## Barnard v. Reynolds.

1. *Surety—Release by Extension of Time.*—M. borrowed from B. $600, for which he gave a note payable in one year with interest at the rate of eight per cent per annum, payable semi-annually, with R. as security. When the note became due, B. extended the time of payment for six months, M. agreeing to retain the money and pay interest at the rate provided in the note. Like extensions were subsequently made every six months, with the consent of R., until November, 1886, after which extensions were made without his knowledge. The last extension was made May 23, 1888. Suit was brought on the note one year afterward, and R. pleaded specially the extension of payment without his consent and consequent release from liability. *It was held,* that such extension did not have the effect of releasing R. from his liability as security on the note.

2. *Error—One Person Suing out a Writ Can Not Assign Error for the Other.*—One of two defendants sued out a writ of error; the other did not. In the Appellate Court *it was held* that the one suing out the writ could not assign error in the judgment affecting only the one who did not.

Barnard v. Reynolds.

Memorandum.—Assumpsit. Writ of error to the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the December term, 1892, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

J. A. MCKENZIE and C. S. HARRIS, attorneys for plaintiff in error.

GEO. W. THOMPSON and E. P. WILLIAMS, attorneys for defendant in error.

OPINION OF THE COURT, HARKER, P. J.

It appears from the record in this case that on the 15th of November, 1884, A. H. Marsh borrowed from L. E. Barnard $600, for which he gave a note payable in one year with interest at the rate of eight per cent per annum, payable semi-annually, with W. H. Reynolds as surety. When the note became due Barnard extended the time of payment for six months, Marsh agreeing to retain the money and pay interest at the rate specified in the note. Like extensions were subsequently made every six months with the consent of Reynolds until November, 1886, after which extensions were made without his knowledge. The last extension was made on the 23d of May, 1888, which, we think, although there was some conflict in the evidence, was made upon the agreement of Marsh that he would retain the money six months longer and pay the interest for that time. Suit was brought on the note one year afterward. Reynolds plead specially the extension of payment without his consent and consequent release from liability.

The case has been here before and is reported in 36 Appellate Court Reports, 219. The legal features of the controversy were there discussed, and we refer to the opinion therein filed as containing the law of the case.

After the case was remanded, on a trial in the Circuit Court the jury returned special findings and a general verdict in favor of Reynolds, and a verdict against Marsh fix-

ing the damages at $782. The Circuit Court overruled a motion for a new trial and entered judgment for costs in favor of Reynolds and against Marsh for $728.

We must hold against the plaintiff in error on the two points made by him which relate to Reynolds: (1) that the verdict is against the evidence; (2) that the extension as claimed did not release the surety. The evidence in the record satisfies us that there was an agreement made in May, 1888, that Barnard should extend payment six months and that in consideration thereof Marsh would retain the money for that time and pay interest at the rate specified in the note.

There is no pretense that Reynolds consented to or knew anything of that agreement. That such extension would have the effect to release Reynolds was held by us in Reynolds v. Barnard, 36 Ill. App. 219, and by our Supreme Court in Crossman v. Wohlleben, 90 Ill. 537, and in Dodgson v. Henderson, 113 Ill. 361.

It is also assigned for error that the Circuit Court rendered judgment against Marsh for only $728 when the verdict was for $782. Reynolds is in no wise concerned with that part of the judgment. No service of the writ of error has ever been had upon Marsh nor has he entered his appearance without jurisdiction of his person; we shall not undertake to correct the judgment or make any order affecting his right.

The judgment so far as it appertains to Reynolds will be affirmed.