## Chicago City Railway Co. v. Sophia A. Lace.

1. APPELLATE COURT PRACTICE—*Appellant Can Not Complain that Co-defendant Below was Acquitted.*—The fact that a co-defendant has been acquitted of negligence in the court below, is a matter of which an appellant can not complain on appeal.

2. DAMAGES—*When the Judgment Will Not be Reversed for Alleged Excessive.*—Where there is no reason to think that another jury, properly instructed, would find for a less amount, the judgment will not be reversed.

Trespass on the Case.—Personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

*Refused special interrogatories referred to in the opinion of the court :*
The Chicago City Railway Company asked the court also to propound to the jury the following special interrogatories, to wit:

*Second.* Would the collision in question have occurred, if the engine that collided with the street car had been moving at the usual rate of speed at the time, and after the street car conductor gave his car the signal to come ahead?

*Third.* Would the street car in question have crossed the south track in safety, if the train that struck it was going at the usual rate of speed at the time the street car horses entered upon said south track?

*Fourth.* Was it possible for the street car conductor, on the occasion in question, to know, by looking west from the crossing at Halsted street, whether the engine in question was moving at an unusual rate of speed or not?

.. *Seventh.* Was the Chicago and Grand Trunk Railway engine or train on, upon or crossing Halsted street, at the time the street car entered upon its tracks on the occasion in question ?

### STATEMENT OF THE CASE.

This was an action for personal injuries, brought by appellee against appellant and the Chicago & Grand Trunk Railway Company. Appellee was a passenger on one of appellant's street cars, which was run into by one of the trains of the Grand Trunk company, while crossing the intersection of Halsted street with the latter company's tracks, in Chicago. The accident occurred on June 17, 1893.

The jury gave the appellee a verdict for $5,500 against

appellant, and found the Grand Trunk company not guilty. Appellant moved for a new trial, the motion was overruled, judgment entered on the verdict, and appellant now brings the case here on appeal.

Briefly stated, the material facts are as follows: Between 5 and 6 o'clock in the afternoon, on July 17, 1893, one of appellant's horse cars was going south on Halsted street, in Chicago, and, near 49th street, came to the intersection of the railroad tracks with Halsted street. There were four railroad tracks at this crossing. The two north tracks were close together, then there was a space, and then came the two south tracks which were close together. The Grand Trunk train which collided with the street car was coming into Chicago on the southernmost of these four tracks, going in an easterly direction. Some freight cars were standing on the next to the southernmost track and were just west of Halsted street. When the street car reached the railroad tracks, the conductor jumped off and ran ahead, and then motioned for the driver to come on; the driver started across the tracks and had reached the southernmost track, when the conductor saw the Grand Trunk train coming, and shouted for the driver to stop, but the driver thought he could not stop with safety, and whipped up his horses and galloped over the southernmost track; the engine struck the car about three seats from its end.

WM. J. HYNES and H. H. MARTIN, attorneys for appellant.

EDGAR TERHUNE, attorney for appellee; A. W. BROWNE, of counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is contended that the evidence shows that the cause of this accident was that the Grand Trunk train was running at an excessive rate of speed.

Let it be admitted that the Grand Trunk train was run-

ning at an excessive rate of speed; that the Grand Trunk company was negligent and that a verdict should have been returned against it, what follows? Not that appellant was guilty of no negligence, and that it should have been acquitted, but that the Grand Trunk company has escaped what it ought to have received. That is not a matter of which appellant can complain.

Appellee was a passenger upon appellant's car; for her safety appellant was bound to exercise the highest diligence and care. The evidence shows that it did not do so, and that in consequence thereof she was injured.

Under the evidence the plaintiff was clearly entitled to a verdict against appellant; there could be but one question for the jury to hesitate about, and that was as to the amount of damages to be awarded. Appellant introduced no evidence; the narration of the injuries received by the plaintiff; her pain and suffering; consequent defect in her vision; loss of flesh and apparently permanent disability in consequence of the accident, was long and particular. Two physicians and two neighbors also testified as to these matters.

No attempt to contradict this evidence was made. The jury should have been instructed, as asked, that exemplary damages could not be given.

If, from the evidence here presented, it appeared that anything more than compensatory damages had been awarded, we should reverse the judgment.

From a careful examination of the voluminous evidence as to the plaintiff's injuries, we are satisfied that they were very severe, and are permanent.

Appellant seems to have thought that the evidence in this regard could not well be disputed.

There is no reason to think that the jury or another jury, properly instructed, would give a less sum. We can not say that in our judgment the jury gave more than it ought.

There was no error in refusing to submit appellant's special questions to the jury; neither of them was vital.

The judgment of the Superior Court is therefore affirmed.