## Daniel F. Higgins v. Carrie J. McPherson.

### Gen, No, 4,428.

1. SURETY—*when extension of time of payment without consent of, will not release.* Unless the extension of the time of payment made to the principal without the consent of the surety is based upon a sufficient consideration and is of such a binding character as to prevent the holder of the note from enforcing payment during the period agreed upon, it will not operate to discharge the surety.

2. EXTENSION OF TIME OF PAYMENT—*what sufficient consideration for agreement of.* The payment of interest in advance is not only sufficient consideration to support such an agreement but is in itself evidence of such an agreement.

3. EXTENSION OF TIME OF PAYMENT—*what not sufficient consideration for agreement of.* Payment of interest already accrued is not a sufficient consideration to support such an agreement.

Action of assumpsit. Appeal from the County Court of Will County; the Hon. DWIGHT C. HAVEN, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

J. W. DOWNEY, for appellant.

DONAHOE, McNAUGHTON & McKEOWN, for appellee.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

This is an action of assumpsit brought by appellee against appellant in the County Court. The declaration contained one special count on a promissory note executed by one Ferdinand Munch and appellant, and the common counts, to which appellant pleaded the general issue. His defense was that he was surety for Munch and that appellee had without his knowledge and consent agreed with the principal for a legal consideration to extend the time of payment of the note. The note was for $300, dated April 30, 1902, payable six months after date "with interest payable annually at the rate of six per cent. per annum from date until this note is paid," and was signed by Munch and appellant. On the 29th of October, 1903, and before this suit was begun, Munch filed a voluntary petition in bank-

ruptcy. It is not disputed that the note was given for money borrowed by Munch from appellee and that appellant signed as surety. On November 3, 1902, Munch paid appellee $9 interest, which was credited, "$9.00 interest paid to date, October 30, 1902." Also May 8, 1903, Munch made another payment of $9 interest which was credited, "Interest paid to May 1, 1903." It will be observed that while the note was due six months after date it read, " interest payable annually."

Appellant contends that the evidence shows an agreement between appellee and Munch to extend the time of payment of the note. The testimony upon this proposition was to some extent conflicting. Munch testified that when he paid the interest in November he told appellee he would like for her to let the note run and he would pay her the interest every six months, and that she replied all right. Appellee testified there was no agreement to extend the time of payment; that on the 3rd of November she requested Munch by telephone to call, which he did; that when he came he asked her if she needed the money and she replied she did not, and thereupon he paid her $9, which was six months' interest, and that there was no further talk about the matter. On cross-examination she testified she asked Munch to call because she thought the note was due and that he said he would pay the interest and she supposed it would be paid but denied any agreement about an extension of time. One of appellee's counsel testified that January 7, 1904, he talked with Munch about the matter and asked him to state what appellee said when he paid the interest to November, and that Munch said he spoke to her about letting the note run but did not know that she said anything in reply; that she might have said all right but he did not remember.

To our minds the evidence warranted the jury in finding there was no express agreement between the parties to extend the time of payment. An agreement to extend the time of payment which will discharge a surety must be upon a sufficient consideration and for a definite time. It

must change the contract of the principal and put it out of the power of the holder of the note to enforce payment during the period agreed upon.  Gardner v. Watson, 13 Ill. 347; Flynn Exors. v. Mudd & Hughes, 27 Ill. 323; Heenan v. Howard, 81 Ill. App. 629, and cases there cited.

It is insisted by appellant, that, while the principal of the note was due six months after date, the interest was not due for one year, and it is claimed the receipt by appellee of $9 interest November 3rd was an acceptance of interest in advance and that this in legal effect constitutes an agreement to extend the time of payment.  It has been held by the Supreme Court of this state that the payment of interest in advance is a sufficient consideration for the extension of the time of payment, and that such payment is of itself *prima facie* evidence of such an agreement.  Some of the cases in which this rule has been announced are English v. Landon, 181 Ill. 614, and Warner v. Campbell, 26 Ill. 282.  We think the evidence in this case clearly shows the parties did not intend or understand the interest should be, or was, paid in advance.  While by the terms of the note the interest was payable annually, the parties do not appear to have so understood the real contract.  It is stated by counsel for appellee in their brief that the note was made on a blank form in which the provision as to the payment of interest annually was printed.  From the evidence it seems altogether probable that this clause in the note was overlooked.  But however that may be, both appellant and appellee testify they thought the interest was due at the date the principal was due.  No interest was paid beyond the date of the maturity of the note.  The amount paid was the interest earned up to that time and if it can be said that it was paid in advance it was not paid in advance of what had been earned up to that time, but only in advance of the time when it was due by the terms of the note.  Such payment is not like the payment of interest in advance, beyond the period of the maturity of the note, and therefore does not fall within the rule announced in the cases above cited.  As we have before stated the parties

themselves thought both principal and interest due and acted on that belief. It has been held that the payment of interest already accrued does not constitute a considera- tion for the extension of the time of payment, and a mere promise of indulgence on the payment of interest due at the rate specified in the note, is not of itself such an agree- ment to extend the time as will release the surety. Cross- man v. Wohlleben, 90 Ill. 537. In that case four different times upon the payment of interest due it was indorsed on the note that it was extended six months, and the Supreme Court held it was insufficient as an extension of -time to' release the surety.

Complaint is made of the ruling of the court in giving certain instructions for appellee and in refusing some and modifying others offered by appellant. We have examined them and believe there was no substantial error in the rulings of the court in the respects complained of.

The judgment is affirmed.

*Affirmed.*