### Henry J. Wiggins v. Freeman Wilson.

1. BOOK ENTRIES—*when competent as part of res gestae.* Book entries made at the time of a transaction, recorded in the presence of the adverse party, are competent as part of the *res gestae.*

Action of assumpsit. Appeal from the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed February 1, 1906.

J. O. CUNNINGHAM and FRANK H. BOGGS, for appellant.

F. M. GREEN & SON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellant, Henry J. Wiggins, was payee in a judgment note for $250, bearing date December 30, 1902, payable six months after date, with interest at seven per cent. per annum after maturity, executed by T. W. Redmon and Mattie Redmon as principals, and appellee, Freeman Wilson, as surety. After entry of judgment on the note for $269.83 by confession in vacation, appellee, on his motion, was allowed to plead, and upon issue joined on his plea, that appellant had, in consideration of the payment to him on divers occasions in advance of $7.50 as interest, and without the knowledge of appellee, extended the time of payment of said note six months, a trial was had, resulting in a verdict and judgment for appellee.

Three payments of $7.50 each were endorsed on the

note June 30, 1903, September 29, 1903, and December 26, 1903, and T. W. Redmon, one of the principal makers of the note, testifies, that upon each of those occasions the amount so paid was paid by him as interest in advance, with the express agreement on the part of appellant that the time of payment of the note should be extended; that on December 26, 1903, when he made the last payment of $7.50, the time of payment was so extended until June 30, 1904. Appellant testifies that the several payments endorsed upon the note were not paid or received as interest, but were payments made by Redmon to apply upon the principal of the note; that Redmon requested him to extend the time of payment, and that he signified his willingness to do so, if Redmon would get appellee to sign a new note as surety; that he drew up a new note for $250 due June 30, 1904, which was executed by Redmon and taken by him to be signed by appellee, but which was never returned to appellant.

Upon the trial appellant offered in evidence a book of original entries, termed a "blotter," kept by him in the ordinary course of his business as a banker, wherein appeared entries of the several payments by Redmon on the note, and in connection therewith the characters "Pt" and "Prt.," and also offered to show that these characters meant "part" payment upon the principal of the note. The offers were rejected by the court and the rulings thereon are assigned as error.

Appellant was not permitted by the court to fully examine witnesses respecting the circumstances under which the entries offered were made, and we are therefore unable to determine their competency. If such entries were made in the presence of Thomas Redmon at the time the several transactions occurred, and with relation to such transactions, they were competent as a part of the *res gestæ;* if not so made they were incompetent. Stark v. Corey, 45 Ill. 432; McLean Co. Bank v. Mitchell, 88 Ill. 52; Monroe v. Snow, 131 Ill. 126. If the entries were competent evidence within the rule, it would have been proper for appellant to

show what the characters "Pt" and "Prt" meant as they appeared in the entries with reference to the several payments in question. Monroe v. Snow, *supra.*

Appellant offered in evidence certain entries in a book kept by him purporting to show the date of maturity of various notes taken by him in his business, for the purpose of showing that the note in question matured June 30, 1903, and that no extension of the time of its maturity was there indicated. The court properly sustained objection to the admission of the entries offered. The book was not one of original entry, but merely a private memorandum kept by appellant for his own convenience.

As tending to show that the time of payment of the note had been extended as claimed by him, appellee introduced in evidence a written notification to him, by appellant, received in due course of mail, as follows:

"HOMER, ILL., June 13, 1904.

MR. FREEMAN WILSON, Sidney, Ill.

DEAR SIR: We hold a note for $250.00 against Thomas Redmon which will be due June 30th, and on which you are security.

Yours truly,

CITIZENS' BANK."

Appellant offered to show by his son, a clerk in his employ, that the words "will be" in the notice, were inadvertently used instead of the word "was," and for that purpose sought to show the occasion of sending the notice and the circumstances under which the same was sent, but the court refused to admit the evidence offered. This was error. The notice was not conclusive upon appellant as to the time of expiration of the note, and he should have been given an opportunity to explain, if possible, the apparent inconsistency. Monroe v. Snow, *supra.*

Counsel for appellant content themselves with some general observations on the refusal of the court to give certain unidentified instructions as offered. In the absence, by way of argument, of definite criticism of the rulings of the trial court upon the instructions, pointing out specifically

the instructions involved, we are not disposed to search the record to determine the propriety of the court's rulings thereon. Furthermore, as all of the instructions given by the court do not appear in the abstract we are unable to determine whether or not the jury were fully and fairly instructed upon the law of the case, considering the instructions as a series. The law applicable to the issue here involved is clear and well settled, and there should be no serious difficulty in framing proper instructions to be given to the jury for their guidance in arriving at a verdict.

As the judgment must be reversed and the cause remanded for another trial, for error in excluding competent evidence, as heretofore indicated, we do not deem it expedient to express an opinion as to the finding of the jury upon the facts.

*Reversed and remanded.*