## George Duddleston v. B. A. Eckhart.

### Gen. No. 13,174.

1. BILL OF EXCEPTIONS—*how construed.* A bill of exceptions is the pleading of the party who presents it, and is therefore to be construed most strongly against him.

2. JUDGMENT—*what affidavit upon motion to set aside, must set up.* An affidavit presented upon a motion to set aside a judgment entered by default must show a meritorious defense.

Judgment by confession. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed June 14, 1907.

P. SHELLY O'RYAN, for appellant.

WEST, ECKHART & TAYLOR, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This appeal is from an order of the Superior Court denying a motion of appellant to vacate a judgment by confession against him and in favor of appellee, and for leave to plead to the merits of the case.

Appellant was a tenant of appellee under a written lease containing the usual form of power of attorney authorizing confession of judgment for rent due and unpaid. The lease stipulated for a monthly rental of $225, and the declaration alleged two months rent or $450 to be due and unpaid. Judgment was taken for $470, being the amount of rent due and $20 attorneys' fees.

The motion was supported by the affidavit of appellant and one Preissing and the testimony of appellant received on the hearing of the motion. The affidavit and testimony of appellant tended to show that the premises demised to him are on the street level, and were to be occupied solely for a wholesale and retail meat business; that on or about November 23, 1903, appellee erected or permitted to be erected north of and adjoining said premises an elevated wooden sidewalk or platform of a height of three feet and extending about fifty feet in length and of the entire width of the sidewalk, and that it was placed close to the door of said premises, and it greatly interfered with the ingress and egress therefrom, changing the condition of the premises and depreciating their value for the purposes for which appellant had rented them,

whereby appellant was damaged. It appeared that the term of the lease was for sixty-one months and expired the last of April, 1906; and that appellee is the owner of both premises and that the McNeill & Higgins Company was the tenant of the premises next north of appellant.

The affidavit of Preissing stated that the elevated sidewalk was erected in November, 1903, and that it greatly interfered with the ingress of customers and that appellant's business suffered materially thereby.

Appellant occupied the premises leased to him during the full term covered by the lease, and on leaving the premises refused to pay the rent for the last two months.

The record does not show that appellant at any time or in any manner objected to the erection of the sidewalk or the maintenance thereof, or made any complaint in reference thereto until after the judgment was entered. It may be inferred that appellant paid his rent from November until March without protest.

The only showing in the record tending to connect appellee with the erection of the elevated sidewalk is in the affidavit of appellant which states that "the plaintiff erected or permitted to be erected," etc.

"It is an elementary rule of appellate procedure that he who alleges error in a judgment must show it, and that the bill of exceptions, is the pleading of him who presents it, and is therefore to be taken most strongly against the pleader." Jones v. Glathart, 100 Ill. App. 630, 634.

In Crossman v. Wohlleben, 90 Ill. 537, 542, it is said: "In applications to set aside judgments entered by default or entered in *ex parte* proceedings, affidavits in support of such applications are to be construed most strongly against the party making the application.

"It is not sufficient to state facts from which if proved on a trial, a defense might be inferred." See

Duddleston v. Eckhart.

also Ch. Fire Proof Co. et al. v. Park Nat. Bank, 145 Ill. 481, 487.

It is apparent that the statement of the affidavit as to the erection of the sidewalk by appellee is only the conclusion of the maker of the affidavit. Testing the affidavit by the rule indicated, it does not make out a meritorious defense to the action. It does not appear that appellee did any specific act or thing or authorized any act with respect to the erection of the sidewalk. It might be inferred from the statement of the affidavit that appellee authorized the erection of the sidewalk or that he himself built it, and that appellant's business was injured, but that is not sufficient. The particular evidentiary facts must be shown, substantially as they should be proven on a trial.

We find no abuse of the discretion of the court shown in its action overruling appellant's motion.

The order of the Superior Court is affirmed.

*Affirmed.*