THE COMMERCIAL LOAN AND TRUST COMPANY, Appellee, *vs.* JOHN B. MALLERS, Appellant.

*Opinion filed December 15, 1908.*

1. APPEALS AND ERRORS—*when finding by the Appellate Court is conclusive against claim of payment.* A finding by the Appellate Court in its judgment reversing a judgment for the defendant in an action against him as guarantor of a note, that nothing had been paid on the note, is conclusive in the Supreme Court of the defendant's contention that what was done by the parties at the time the note was renewed amounted to a payment of the note.

2. SAME—*when the question of release of guarantor is not presented.* The question whether the taking of interest in advance, when a new note was given, amounted to an extension of time of payment and released the guarantor is not presented in a court of review where there was no plea setting up such defense.

3. SAME—*when alleged error is not open to review.* Alleged error of the trial court in ruling that under the pleadings the defendant could not avail himself of a certain defense is not open to review in the Supreme Court where the judgment of the trial court was in favor of the defendant, who assigned no cross-error upon such ruling when plaintiff appealed to the Appellate Court.

APPEAL, from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. C. M. WALKER, Judge, presiding,

The appellee, the Commercial Loan and Trust Company, was the owner of a promissory note for $2500 executed by the American Fire Extinguisher Company and bearing the endorsement of appellant guaranteeing its payment. This note matured August 9, 1895, and was then renewed by the maker giving a new note for the same amount due in ninety days, bearing an endorsement guaranteeing its payment, to which the name of appellant was signed by Edward B. Mallers. Edward B. Mallers was the son of the appellant and the treasurer of the American Fire Extinguisher Company. It is claimed that he was not authorized to execute the guaranty. The American Fire Extinguisher Company kept a bank account with the appellee and had a balance due it on August 9, 1895, of $664.86. The proceeds of the renewal note, after deducting the interest until its maturity, ($2462.50,) were credited to this account, a check was drawn on it in favor of appellant for $3028.43, the original $2500 note was canceled and surrendered and the remainder of the check was applied to the payment of other items of indebtedness from the appellant to appellee. The renewal note remaining unpaid after maturity, appellee began an action of assumpsit against appellant in the circuit court of Cook county, declaring in one count upon the guaranty of the first note, in another upon the guaranty of the second note, and filing also the common counts. The appellant filed pleas of the general issue, denial of the execution of the guaranties and payment of the first note. On a trial without a jury the court rendered judgment in favor of the appellant. The Appellate Court has reversed this judgment and rendered judgment against appellant for the amount of the note, with interest. To reverse the judgment of the Appellate Court the appellant prosecutes an appeal to this court.

THURMAN, STAFFORD & HUME, for appellant.

HORACE G. STONE, and IRA C. WOOD, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellant's claims are (1) that the giving of the check and the cancellation and surrender of the old note at the time the renewal note was discounted amounted to a payment of the old note; (2) that the taking of $37.50 interest in advance at the time of the renewal constituted an extension of time of payment and released appellant, the surety; (3) that the surrender of the note, stamped "paid," enabled the maker to present it to appellant, a surety, and thereby procure the surrender of collateral securities held for his indemnity.

As to the first claim, the Appellate Court has made a special finding that nothing has been paid on either of the notes, and that question of fact is not open to review in this court. *Hecker* v. *Illinois Central Railroad Co.* 231 Ill. 574.

As to the second claim, there was no plea setting up such extension of time, and the question here sought to be raised, if considered in the courts below, is not presented by the record.

As to the third claim, there was no plea setting up such defense, and the trial court rightly held, at appellee's request, that under the pleadings appellant could not avail himself of that claim. No cross-error was assigned in the Appellate Court on this holding and it is not now open to review.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*