William H. Harrison, Appellee, v. Marcus R. Thackaberry, Appellant.

Gen. No. 5256.

1. APPEALS AND ERRORS—*upon what assignments cannot be predicated.* A party can only complain of error that affects his own rights and not such as only affects the rights of others.

2. APPEALS AND ERRORS—*when admission of incompetent evidence will not reverse.* Where an action at law is tried by the court without a jury the admission of immaterial or incompetent evidence over objection is not a ground for reversal when the record shows the judgment of the trial court is sustained by competent evidence.

3. VENUE—*in transitory actions.* Except in local actions a party may by statute in this State be sued where he resides or may be found.

4. PLEADING—*when allegation under videlicet insufficient.* If time is material an allegation under a *videlicet* is insufficient as an allegation so made is not definite and certain.

5. PLEADING—*when allegation of consideration insufficient.* If the consideration is material the facts setting up of what the consideration consisted should be alleged and not the mere statement of the conclusion made that there was a consideration.

6. PLEADING—*when special pleas bad.* Special pleas which purport to answer the entire declaration but which only answer one count thereof, are bad.

7. PLEADING—*how release of surety must be set up.* Notwithstanding the earlier decisions the rule now is that the defense of the release of a surety by an extension of time to the principal must be specially pleaded to let in the evidence on that question if it is objected to.

8. SURETYSHIP—*when extension of time of payment will not release surety.* An extension of time granted to the principal to release a surety must be for a definite period based upon a legal consideration. A payment of what is due is not such a consideration nor is a mere promise of indulgence on a payment of interest accrued on the note, such an extension as will release a surety.

9. AMENDMENTS AND JEOFAILS—*when refusal of leave to file additional pleas will not reverse.* If a party upon a trial had the benefit of all the defenses relied upon in the pleas sought to be filed, the refusal of the court to permit them to be filed will not reverse.

10. DEPOSITIONS—*power of party to correct.* When a deposition is read over to a witness before he signs it, he has the right to correct his answers.

11. WITNESSES—*what method of examination appropriate if hearing is defective.* The testimony of a witness hard of hearing may be elicited by whatever means are necessary and best suited to obtain accurate information.

12. EVIDENCE—*what competent to aid construction of letter.* It is proper for a party to testify to the facts and circumstances attending the writing of a letter in order that the court may construe it in the light of all the facts surrounding it.

13. EVIDENCE—*what competent to aid construction of letter.* Where a letter is not contractual it is permissible to explain and construe a statement therein by attending circumstances or show that it originated in some mistake, where it is not the basis of the action or the defense.

Assumpsit. Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

**Statement by the Court.** This is an action of *assumpsit* brought in the Circuit Court of Whiteside county by William H. Harrison on a promissory note for $5,423.06 dated May 22, 1896, payable on or before five years after date with interest at the rate of six per cent per annum executed by Milton L. Thackaberry and Marcus R. Thackaberry. A praecipe for a summons to the sheriff of Whiteside county for Milton L. Thackaberry and Marcus R. Thackaberry was filed September 30, 1909, returnable to the January term, 1910. The summons was issued on September 30, against the two Thackaberrys, and was served on Marcus R. Thackaberry October 6, 1908, and a return of "not found" as to Milton L. Thackaberry was made October 12, 1908, but the summons was not filed until January 4, 1909. On October 13, a praecipe was filed for a summons for Milton L. Thackaberry to the sheriff of Cook county. This summons was served on October 14, 1908. The declaration consisted of a special count on the note declaring against the defendants jointly and the common counts declaring against them jointly and severally. At the term to which the summonses were returnable, Marcus R. Thackaberry filed a plea in abatement averring that

he was at the time the suit was brought and still is a resident of Bureau county, Illinois, and that service was had upon him while temporarily in Whiteside county, and that Milton L. Thackaberry was when the suit was brought and still is a resident of Cook county, and praying judgment if the court will take cognizance of the action. The plaintiff demurred to the plea in abatement and filed a motion to quash the summons to Cook county and the return thereon, for the reason that at the time the summons was served on Marcus R. Thackaberry in Cook county he was not residing in Whiteside county. The summons to Cook county and the return were quashed, and the demurrer to the plea in abatement was sustained. Marcus R. Thackaberry thereupon filed a plea of the general issue and two special pleas, averring that the note sued on was executed by Marcus R. Thackaberry as surety for Milton L. Thackaberry of which the plaintiff had notice, and that the plaintiff after the note became due had extended the time of payment, whereby the surety was released. Issue was joined on the general issue, and a demurrer was filed to the special pleas, stating, as special causes, that the special pleas amounted to the general issue and that the pleas do not aver any consideration or an extension to a definite time. The demurrer was sustained. Afterwards the ·defendant made a motion for leave to file three special pleas of the same character as the former special pleas; this motion was overruled. The defendant then moved for leave to file four other special pleas, which motion was overruled for the reason "that all matters set up in the special pleas can be proven under the general issue." By agreement the case was tried by the court without a jury. The court found for the plaintiff and rendered judgment for $8,187. Marcus R. Thackaberry appeals from that judgment.

C. L. and C. E. Sheldon, for appellant.

Stager & Stager, for appellee.

Mr. Justice Thompson delivered the opinion of the court.

It is assigned for error that the court erred in quashing the summons served upon Milton L. Thackaberry in Cook county. That is a matter in no way prejudicial to appellant. A party can only complain of error that affects his own rights and not such as only affects the rights of others. Grier v. Puterbaugh, 108 Ill. 602; Schwartz v. Ritter, 186 Ill. 209; Chicago City Ry. Co. v. Lace, 62 Ill. App. 535; Barnard v. Reynolds, 49 Ill. App. 596.

It is also assigned for error that the court erred in sustaining the demurrer to the plea in abatement. The plea is not abstracted as required by the rules of this court, but nevertheless we have considered the assignment. The plea is a plea to the jurisdiction and prays judgment if the court will take cognizance of the action. Under section 6 of the Practice Act of 1907, which is similar to section 2 of the Practice Act of 1872, a defendant may be sued where he resides or may be found, except in local actions. The declaration declared against the defendants therein named jointly and severally. The summons was to Whiteside county in which the suit was pending and where appellant was found, and the service is within the statute. The demurrer to the plea to the jurisdiction was properly sustained. Sherburne v. Hyde, 185 Ill. 580; Cassem v. Galvin, 158 Ill. 30; Damron v. Sweetser, Caldwell & Co., 16 Ill. App. 339.

It is contended that the court erred in sustaining the demurrer to the first two special pleas, and in refusing leave to file other special pleas, attempting to set up the defense of a release of appellant as surety to Milton L. Thackaberry by an extension of time given to the principal debtor. The first special

plea averred that the plaintiff on, to wit, May 5, 1903, at the request of Milton L. Thackaberry, for a good and valuable consideration, agreed to give an extension until, to wit, the fall of 1903. The time of the extension was a material fact; the extension, being averred under a *videlicet,* is not pleaded to a time certain or definite. 1 Chitty on Pleading 318; Rose v. Mutual Life Ins. Co., 144 Ill. App. 434, and cases therein cited. The plea also should have averred the facts constituting the consideration; it averred a conclusion instead of a fact, and was defective in that regard. The second special plea averred that for the consideration of $1,000 paid by Milton L. Thackaberry to the plaintiff, the plaintiff gave Milton L. Thackaberry further time until such time as Milton L. Thackaberry should wish to pay the note. If the $1,000 was paid on the note then past due, it was no consideration for the extension, and the extension, if one was given, was not for a definite time. A payment on what is due is not a consideration for an extension of time, and a mere promise of indulgence on the payment of interest due, at the rate specified in the note, is not such an agreement to extend the time as will release a surety. Crossman v. Wohlleben, 90 Ill. 537; Higgins v. McPherson, 118 Ill. App. 464; Heenan v. Howard, 81 Ill. App. 629. To release a surety the extension of time must be upon a new and valid consideration; it is essential that the agreement be such that neither the debtor can compel the creditor to accept the payment of the debt, nor can the creditor enforce payment before the agreed time has expired; the contract must be mutual. Crossman v. Wohlleben, *supra,* Moyses v. Schendorf, 238 Ill. 232; English v. Landon, 181 Ill. 614; Reynolds v. Barnard, 36 Ill. App. 218 (same case 49 Ill. App. 596). Pleadings are always construed most strongly against the pleader when tested by a demurrer; therefore the demurrer was properly sustained because of the indefiniteness and uncertainty of the plea and the

averring of conclusions when the facts should have been pleaded.

The three special pleas that the court refused leave to file contained the same defects, and were bad for the same reasons as the first and second pleas. The four pleas that the court refused leave to file, were bad for the same reasons as the first and second. They were subject to the further objections that each averred "that the several supposed causes of action in said declaration mentioned are one and the same, to wit, the supposed cause of action in said declaration mentioned." They fail to state that the sole cause of action is that in the first count mentioned; they then attempt to plead an extension of time on the note in the first count mentioned. The pleas pretend to answer the whole declaration but only answer the first count, while the declaration contained a special count on the note and the common counts. The pleas were therefore bad for the reason they were not limited to the first count, and while professing to answer the whole declaration, answered only the special count. However, we do not hold that the court could properly pass on the validity of the pleas on the motion for leave to file them, because that question has not been presented, but the parties have argued their validity the same as if they had been tested by a demurrer.

The record shows that the court refused leave to file the last four pleas on the theory that they only amounted to the general issue, and that all the proof that could be introduced under them, could be introduced under the general issue. The earlier cases in this state hold that under the general issue, in an action on the case, the defendant is permitted to give in evidence any matter which shows that the cause of action has been discharged or a release, a former recovery, a satisfaction, or any other matter *ex post facto* which shows that in equity and good conscience the plaintiff ought not to recover. Warner v. Crane,

20 Ill. 148; City of Chicago v. Babcock, 143 Ill. 358; Papke v. Hammond Co., 192 Ill. 631. The rule, however, now is, that the defense of a release of the surety by an extension of time to the principal must be specially pleaded to let in the evidence on that question, if it is objected to. Commercial Loan & Trust Co. v. Mallers, 237 Ill. 119. While the court may not have given a correct reason for refusing to permit the plea to be filed, yet the record shows that the appellant offered his evidence on the question of extension of time of payment and that it was admitted, and that all the proof the parties presented which would have been admissible to sustain the pleas, if issues had been made upon them, was admitted; therefore if the court erred in refusing leave to file the pleas, still the appellant was not harmed by the ruling of the court. Hartford Fire Ins. Co. v. Olcott, 97 Ill. 439; Curtiss v. Martin, 20 Ill. 557; Jones v. Council Bluffs Bank, 34 Ill. 313; Tokheim Mfg. Co. v. Stoyles, 142 Ill. App. 198.

It is contended that the note was not competent evidence against appellant because Milton L. Thackaberry was not lawfully served with process. The note is joint and several by virtue of the statute; the special count alleges a joint liability; the common counts allege a joint and several liability; the signatures to the note were proven; the suit being against both appellant and Milton L. Thackaberry and the summons having been quashed as to Milton L. Thackaberry the appellee had the right to proceed to judgment against the appellant, who was properly served with process, and after judgment against appellant, appellee could have a *scire facias* against Milton L. Thackaberry provided he could get service on him in Whiteside county.

The deposition of Marcus R. Thackaberry was taken in shorthand and afterwards written out on a typewriter and read to him. He was asked whether he had not written to counsel for appellant in relation

to the defense in the suit, to which he answered ''I may have done so.'' When the deposition was read to him, in the absence of counsel for the parties before he signed and swore to it, he added the words, ''but I do not think so.'' On motion of appellee this addition to the answer was stricken out and that action of the court is assigned for error. When a deposition is read over to a witness, before he signs it, he has the right to correct his answers. It is the duty of counsel to be present until the deposition is completed and if they depart before it is thus completed, they cannot deprive the witness of the right to correct it. A witness cannot be compelled to swear to an answer which in his judgment is incorrect. It was error to strike out that part of the answer, but the subject-matter stricken out was immaterial and the action of the court was harmless error.

The appellee was exceedingly hard of hearing, and when examined as a witness, his counsel, professing to be unable to make him hear, asked permission of the court, which was granted, to write the questions and present them to the witness that he might answer after reading the questions. It is urged that such a manner of examining a witness permitted the witness to be led by counsel and was erroneous. The testimony of such a witness may be elicited by whatever means are necessary and best suited to obtain accurate information. 8 Am. & Eng. Encyc. of Law, 844 (2nd Ed.); 3 Encyc. of Ev. 201.

The record disclosed that the family of appellee, and other parties having business with him, communicated with him in that manner, and that counsel for appellant in cross-examining the witness, being unable to make him hear, resorted to the same method and wrote out his questions. There was no error in the manner of the examination of the witness.

The only defense sought to be interposed by appellant was that appellant was a surety on the note and had been released by the appellee extending the time

of payment without the consent of appellant. Appellee is a storekeeper at Tampico, in Whiteside county. Appellant is a farmer living in Bureau county but trading at Tampico. Milton L. Thackaberry is a lawyer in Chicago. There is no question but what appellant was a surety and that appellee knew that fact. Appellant introduced in evidence an unsigned copy of a letter-press copy of a letter written by Milton L. Thackaberry on May 5, 1903, to appellee in which he said:

"A few days since, my brother was here and talked with me in relation to the note which you hold. Would you be willing to extend the note on payment of $1,000 and reduce the rate of interest to 5%, or if this is not satisfactory, would you be willing to accept $1,000 and let the note run as it is so it can be paid at any time hereafter? I have prospect of getting a sale of some real estate closed up and then will be in a position to pay the entire amount."

On May 6th, the appellee replied to the foregoing letter:

"Yours of the 5th at hand; I could not reduce the int. on the note you speak of, as just now money is worth 7% to me, but if it will suit you better you can pay $1,000 now, and $1,000 in the fall if you wish to and let it run as at present. Money seems to be rather scarce down this way so far this year; guess it all went into sale notes."

On May 16, Milton L. Thackaberry sent appellee a check for $500 and on May 19th he sent another check for $500. He made no reply to the letter of May 6, but paid $1,000 and the note ran on as it then was —past due. Appellant or Milton L. Thackaberry could have paid the note or the appellee could have maintained a suit to collect it at any time. All that this correspondence proves is that Milton L. Thackaberry under the second proposition in his letter of May 5th paid $1,000 "and let the note run as it is, so it can be paid at any time hereafter." Milton L. Thackaberry testified that after sending the last $500 he was

in appellee's store at Tampico and said to him: "I want you to extend that note a year at the same rate. I will keep it for another year at the same rate if that is all right to you." He said, "That is all right; keep it for a year at the same rate." Appellant also testified that appellee told him near appellee's store that he had extended the note for a year. These statements are denied by appellee, although appellee admits telling Marcus L. Thackaberry that Milton L. Thackaberry had paid $1,000 and that the note could run but denied that the time was extended for any fixed time. Both the Thackaberrys testified that no one was present when they had the conversations, and there are some things in the evidence that tend to cast a doubt upon their testimony.

On April 14, 1904, appellee wrote to Milton L. Thackaberry:

"About May 5th the year will be up on your note. If you do not wish to take it all up at that time, I would like to have a thousand or fifteen hundred paid on it. Cash is rather scarce down this way, has been for nearly a year."

It is contended that the letter of April 14th, referred to an extension of the note for a year and corroborates the Thackaberrys. It may be that it does, but the note is dated May 22nd, and there is no mention in the letter of any extension. The conversations vary from the pleas which appellant filed January 27th and the three pleas he desired to file April 5, 1909, both as to the time of making the extension, the consideration and the length of time of the extension. It was not until May 18, 1909, that pleadings were presented that the evidence tends to support. Milton L. Thackaberry is a lawyer and if there was an extension it was made with him and he gave the information on which the pleas were drawn and it is difficult to conceive, if there was an extension to or for a time certain, that a lawyer in drawing the pleadings or giving instructions from which they were to be prepared, when

he was the party with whom the extension was claimed to have been made, would not give the correct data. There was proof of a valid extension and a denial of it; the burden was on appellant to prove the defense. If the trial court had found for the appellant we would not have disturbed it. The court, however, found there was not a valid contract of extension— in other words gave credit to appellee and disbelieved the appellant and his brother. The trial judge saw appellee and appellant and could judge to some extent of the truthfulness of their testimony from their appearance on the witness stand, etc. Appellee was so deaf that it was very difficult for him to do business with customers in his store and the store was attended by his wife and children with a clerk, so that it is very improbable that appellee was alone in his store for from ten to fifteen minutes at nine o'clock on a Monday morning as testified to by Milton L. Thackaberry and denied by appellee. The truth of the evidence on behalf of appellant is also affected by the variation between the evidence and the first and second sets of pleas of extension. When all the evidence is considered together we are unable to say that the trial judge was not correct in his findings and judgment.

Appellee was asked to explain what he meant by his letter of April 14th. The court ruled that the witness "could state how he happened to write the letter and the circumstances surrounding the writing of it so the court can tell what he meant by it" and did not permit the witness to tell what he meant by it. When the witness undertook to tell what he meant the court excluded so much of the answer as undertook to tell his purpose. It was proper for appellee to testify to the facts and circumstances attending the writing of the letter that the court might construe it in the light of all the facts surrounding it. Wilson v. Roots, 119 Ill. 379. After the ruling of the court appellee was asked what he meant in the letter of April 14th, by

the words, "About May 5th, the year will be up on your note," to which an objection was overruled and he answered, "I meant the year's interest would be due about that time;" that he did not have the note before him and had forgotten its date but had Milton's letter of May 5th, looked at the date and thought that was close enough. It is not claimed the letter of April 14th was any part of a contract of extension, but only that it was evidence as an admission of the fact in dispute—that there had been an extension. Where a letter is not contractual it is permissible to explain or construe a statement therein by attending circumstances or show that it originated in some mistake, where it is not the basis of the action or the defense. Starkie on Ev., 677 and 719; Smith v. Mayfield, 163 Ill. 447; Carr v. Miner, 42 Ill. 179; C. B. & Q. R. R. Co. v. Bartlett, 20 Ill. App. 97, opinion by Justice Moran with a full review of the authorities, affirmed in 120 Ill. 603; Wiggins v. Wilson, 123 Ill. App. 663; Cleveland Seed Co. v. Moore, 142 Ill. App. 615. The letter was like a receipt, liable to be explained by circumstances, but it could not be added to by the secret or unexpressed intention of the writer.

Where an action at law is tried by the court without a jury the admission of immaterial or incompetent evidence over objection is not a ground for reversal when the record shows the judgment of the trial court is sustained by competent evidence. Palmer v. Meriden Britannia Co., 188 Ill. 508; Iroquois Furnace Co. v. Elphicke Co., 200 Ill. 411; Grand Pacific Hotel Co. v. Pinkerton, 217 Ill. 61; Hammond v. Doty, 103 Ill. App. 75.

Propositions of law were presented, but none of them are mentioned in the brief and argument except one concerning the ruling on the evidence to explain the letter of April 14th. The holdings of the court on the law applicable to the case were consistent with the views herein expressed. Finding no reversible error in the case the judgment is affirmed.

*Affirmed.*