# Henry R. Planz et al., Defendants in Error, v. Ezra A. Cook, Plaintiff in Error.

## Gen. No. 15,896.

1. JUDGMENTS—*what essential to require setting aside.* In order to require that the court set aside a judgment entered by default, two things must be made to appear: First, that the moving party was not chargeable with negligence; second, that he had a meritorious defense.

2. JUDGMENTS—*how affidavit of merits upon motion to set aside construed.* Such affidavits are to be construed most strongly against the party in whose behalf they are presented.

3. JUDGMENTS—*when refusal to set aside will not reverse.* A refusal to set aside a judgment entered by default will not reverse unless it appears that there has been an abuse of discretion by the trial court.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed November 14, 1911.

M. L. THACKABERRY and LORENZ & REED, for plaintiff in error.

HENRY C. ADAMS and DEWITT C. JONES, for defendants in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Upon this writ of error, we are asked to reverse the action of the Municipal Court, which denied a motion to vacate the judgment for $187.71, entered by default against the plaintiff in error.

Defendants in error (plaintiffs) brought suit on the 16th of March, 1909, to recover a balance due for labor and material in certain lithographing work done by them for plaintiff in error (defendant). On the 22nd of March, 1909, M. L. Thackaberry, Esq., entered the written appearance of the defendant and his own appearance, as attorney therefor. On the 15th of Sep-

tember, 1909, the case came on regularly for trial; defendant, not appearing, was defaulted. A jury was duly sworn, and heard the evidence, and rendered a verdict in favor of the plaintiffs for $187.71, upon which verdict the court at once entered judgment.

On the following day, September 16th, the defendant moved the court to vacate the judgment. Hearing upon this motion was postponed until the 17th, at which time, after hearing, the court denied it; whereupon the defendant brought the case here upon a writ of error.

Plaintiff in error assigns as errors:

"1.    The court erred in entering judgement in the above cause in view of the fact that the clerk of the defendant's attorney left word that he was temporarily engaged before another judge of the Municipal Court.

2.    The court erred in not vacating and setting aside said judgmet on the showing made by the defendant that the judgment was unjust and unreasonable.

3.    The trial court erred in the use of his discretion to vacate and set aside said judgment.

4.    The attorney for defendant did all that lawyers are required to do under the rules of practice in the Municipal Court in watching said cause and being ready for trial.

5.    Said cause was fourteenth on the jury trial calendar of said trial court, and in the regular course of events would not have been reached that day. Whereas it was reached and called for trial and disposed of in less than one hour from the time of the convening of the court."

Manifestly the first, fourth and fifth are not such assignments as we are liberty to consider. Upon the record before us, we are practically limited to the second assignment, which assigns error upon the action of the court in refusing to vacate and set aside the judgment, upon the showing made. Upon the motion to vacate the judgment, the court below heard the affidavits of Cook, the defendant, of Mr. Thackaberry and

Mr. Moak, respectively, his attorneys, and of Mr. Sabath, a clerk in the office of Mr. Moak.

The trial court would not have been justified in granting the motion unless two things were made to appear: first, that the moving party was not chargeable with negligence; second, that he had a meritorious defense. Hahn v. Gates, 169 Ill. 249; Chicago, etc., v. Park Nat. Bk., 145 Ill. 481.

As to the first, we do not think the affidavits relieve the defendant from the charge of negligence. Upon this the affidavits of Mr. Moak and Mr. Sabath were presented. The former was to the effect, that having been requested by Mr. Thackaberry, he had agreed to try the cause, and that on the afternoon of September 14th he served a notice upon plaintiffs' attorney to produce certain papers, etc., and for a rule to file a more specific bill of particulars, which last he says was set for the morning of September 15th; that upon examination of the Municipal Court record, he found the cause fourteenth in order among the jury cases for trial, and that in the ordinary course of his experience, it was most unusual that the cause should have been reached for trial during the forenoon of the 15th; that on that morning he sent his clerk to watch the cause, and notify him in time to be present and try the cause when reached, and that he remained in his office during the forenoon ready to proceed with the hearing.

Mr. Sabath's affidavit was to the effect that he was clerk in Mr. Moak's office, and on the morning of the 15th of September, 1909, was directed to attend the call of Judge Gemmill, before whom the case was to be tried, and watch the cause, which was shown as the fourteenth jury case on Judge Gemmill's call; that he also had another matter before Judge Girten, which he was watching; that he left word with the clerk in Judge Gemmill's court that he had a motion before Judge Hume in this cause, and that he would be back as soon as possible; that he told the clerk what case he was rep-

resenting; that he then went to the court room of Judge Girten, where he was detained in the care of another cause, but returned to the court of Judge Gemmill shortly after, where he learned that the cause had been tried, and judgment entered; that he had been instructed to notify Mr. Moak when the cause was likely to be reached and give him time to get over to the court for the trial.

We do not think the affidavits are sufficient to relieve the appellant from the charge of negligence. Clearly the negligence of the clerk, to whom the business was entrusted, and that of his attorney, Moak, is chargeable to plaintiff in error. The cause had been pending from the 16th of March, previously, and his appearance was entered on the 22nd of that month. No attempt was made until the day before the actual trial, to secure a more specific bill of particulars. In serving the notice of the motion therefor, and fixing the hearing of such motion on the day of the trial call, plaintiff in error's attorney acted at his own risk. The affidavit of the clerk for Mr. Moak does not show that he even presented the motion for a more specific bill of particulars to any judge, and the two affidavits utterly fail, in our opinion, to establish diligence.

We have also examined the affidavits with respect to the merits of the cause. Such affidavits are to be construed most strongly against the party in whose behalf they are presented. Crossman v. Wohlleben, 90 Ill. 537.

The affidavits of Mr. Moak and Mr. Thackaberry, respectively, as to the merits amount to little more than an expression of their belief that plaintiff in error had a meritorious defense; while the affidavit of Cook, construed as the law requires, most strongly against him, is indefinite. While it is true that courts have always been liberal in setting aside defaults when it appears that justice will be promoted, it is also true that such applications are addressed to the sound discretion of

the trial judge, and unless it appears that this sound discretion has been abused, it is conclusive upon the parties.

Finding, as we do (1st) that the affidavits do not relieve the defendant from the charge of negligence, and (2nd) that the affidavits as to a meritorious defense are indefinite and unsatisfactory, we cannot say that the court below wrongfully exercised its discretion, in denying the motion to vacate the judgment, and, accordingly, its action will be affirmed.

. *Judgment affirmed.*