250     APPELLATE COURTS OF ILLINOIS.

U. S. Printing Co. v. George W. Linn Co., 170 Ill. App. 250.

# United States Printing Company, Appellee, v. George W. Linn Company and J. M. Miller, Appellants.

## Gen. No. 16,482.

1. VARIANCE—*when not material.* If there is no substantial difference between the instrument pleaded and that offered in evidence a material variance does not appear.

2. SURETYSHIP—*when extension of time of payment does not release.* If the extension granted by the creditor to the debtor is predicated upon no valid consideration, it is not binding as between the parties and will not operate to discharge a surety.

3. AMENDMENTS AND JEOFAILS—*how insufficient ad damnum cured.* If the verdict exceeded the *ad damnum* an amendment of the *ad damnum* before judgment cures the irregularity.

Action of debt. Appeal from the Circuit Court of Cook county; the HON. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed May 9, 1912.

FRED N. KEELER, for appellant.

LEFKOW & LEVEY, for appellee; WILLIAM FRIEDMAN, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an action on an appeal bond signed by appellants, which was tried by the court which entered judgment for the appellee.

The errors urged in argument by appellee are, first, that the trial court should have entered judgment for the defendant, Miller, for want of replications to certain pleas filed by him to the declaration. An inspection of the record shows proper replications to have been duly filed.

Another error suggested is that the appeal bond was

improperly admitted in evidence, because of a variance between the bond as described in the declaration and the document offered in evidence. An examination of the declaration and the bond admitted in evidence discloses no such substantial difference as to amount to a variance.

It is also argued that the defendant, Miller, was released as surety on the bond by reason of an extension agreement entered into between the plaintiff and the defendant, George W. Linn Company. This agreement was in writing and introduced in evidence. By it the plaintiff undertook to extend the time for the payment of the judgment it had obtained against the Linn Company. The agreement does not purport to have been made for a consideration, and there is no evidence that it was so made. Therefore it was invalid and not binding upon the parties thereto, and it follows that it was not sufficient to release Miller. In Harrison v. Thackaberry, 154 Ill. App. 246 (250), the court said: ''To release a surety the extension of time must be upon a new and valid consideration; it is essential that the agreement be such that neither the debtor can compel the creditor to accept the payment of the debt, nor can the creditor enforce payment before the agreed time has expired; the contract must be mutual.'' To the same effect are English v. Landon, 181 Ill. 614, 620; Moyses v. Schendorf, 238 Ill. 232, 236; Crossman v. Wohlleben, 90 Ill. 537; King v. Griggs, 116 Ill. App. 132; Higgins v. McPherson, 118 Ill. App. 464.

It is said that there is no evidence of any default in the payment of the judgment mentioned in the bond, but the record shows that the witness, Friedman, so testified.

It is stated that the judgment exceeds the amount of the *ad damnum.* It appears that upon motion the court granted leave to increase the *ad damnum* to $500,

and the judgment was for $487.62.   There seems to be no force in this point.

Finding no reversible error, the judgment of the trial court is affirmed.

*Affirmed.*